# Smaltz *versus* Knott.

| 3 G | 227 |
|-----|-----|
| e208 | ¹491 |

1. A mechanic or material man must show affirmatively on the face of his registered claim that it is such an one as by the statute he is authorized to file.

2. Except in the city of Philadelphia and county of Chester, contractors must set out in mechanics' liens the nature and character of the work done, or materials furnished, and also the time when done or furnished.

3. In the city of Philadelphia and county of Chester when work is done by contract it is sufficient, under the act of March 24, 1849, in mechanics' liens, to set forth the dates of the commencement and conclusion of the work, and the aggregate price of the work and materials.

ERROR to the District Court of *Philadelphia*.
Mechanics' lien.

*Clayton*, for plaintiff in error.

*Briggs*, for defendant in error.

The opinion of the court was delivered February 18th, 1858, by

STRONG, J.—The claim filed was radically defective, and was properly ordered to be stricken from the record. The mechanic or material man must show affirmatively on the face of his registered claim that it is such an one as by the statute he is authorized to file. The general act of June 13th, 1836, required that every claim should set forth "the nature or kind of the work done, or the kind and amount of materials furnished, and the time when the materials were furnished or the work was done, as the case may be." This act was construed as not applying to a case where the work had been done or materials furnished under a special contract, and the design of the act of the 16th April, 1845, which purports to be declaratory, was to change this construction. It gave the benefits of the law to contractors, but did not exempt them from the necessity of setting forth the nature and character of the work done or materials furnished. The act of March 24th, 1849, applicable only to the counties of Philadelphia and Chester, enacted that the time might be stated by setting forth the dates of the commencement and conclusion of the work, and that the aggregate price of the work and materials might be stated in lieu of the items. Every other requisite of the act of 1836 still remains. The plaintiff in error has not brought himself within that act, by stating the nature and character of the work done or the kind of materials furnished, nor is there sufficient certainty in the statement of time.

Judgment affirmed.