## Knelly, Appellant, v. Horwath.

*Mechanic's lien—Contract—Specification—Plan—Statutory character of lien.*

A mechanic's lien is purely statutory and a compliance with the statutory requirements is necessary in order to give it validity. There is no intendment in its favor. It must be self-sustaining and must show on its face that it is such a lien as the statute authorized the claimant to file.

| 208 | 487 |
|---|---|
| 211 | [2]242 |
| d211 | [2]243 |
| 208 | 487 |
| 29 SC | [1]443 |
| 208 | 487 |
| f 33 SC | [2]620 |
| 208 | 487 |
| f218 | [1]583 |
| 208 | 487 |
| 35 SC | [1]444 |
| 35 SC | [1]644 |

Where specifications are expressly made a part of a building contract or are referred to as a part of it, they must be filed with it. If only a part of the specifications apply to a work for which a lien is filed, that part only need be filed. Plans, however, need not be filed.

A mechanic's lien claimant did not file specifications with the contract, but to support a claim for extra work filed a bill for materials sold and work done and annexed it to the lien. There was no statement of the terms and conditions under which they were furnished, and but few items of the bill were the subject of mechanic's lien. *Held,* that the lien could not be sustained.

Argued Feb. 15, 1904. Appeal, No. 62, Jan. T., 1903, by plaintiff, from order of C. P. Schuylkill Co., Sept. T., 1902, No. 6, sustaining motion to quash mechanic's lien in case of C. H. Knelly v. John Horwath and Annie Horwath. Before MITCHELL, C. J., FELL, BROWN, POTTER and THOMPSON, JJ. Affirmed.

Motion to quash mechanic's lien.

MARR, J., filed an opinion which was in part as follows :

[The contract, a copy of which is annexed and made part of the lien, in part, reads as follows : " Witnesseth : The contractor covenants and agrees to erect for the said John and Anna Horwath on their lot of ground, situate in the borough of McAdoo, Penna., in a good and substantial and workmanlike manner, with good material and according to the plans and specifications, which shall be a part of this contract, a new two story hotel building with one story dance room attached. Hotel part to have a cellar, as per specifications. . . . Whole roof of hotel, ball room and water closet and dressing room to have tin roof, same to be as called for in specifications and shown on plans, both of which are a part of the agreement. Excavate cellar and build wall as shown on plans and specifications. All exterior and interior wood-work of building to have two coats of best white lead and pure linseed oil paint, as called for in specifications, which is considered as part of the agreement."

By the foregoing extracts from the referred to agreement, it is manifest that the parties to same considered the plans and specifications as a part of their agreement or contract, and yet the claimant has filed neither the specifications nor

plan, or copies of same, with the lien as filed.] [1]   An additional agreement was entered into October 23, 1901, by the parties for the erection of an additional length to the hall, contracted for in the first agreement, which provides that the additional length shall be built and finished with material and work of the kind as called for in the first contract. Nowhere does the kind of material or the character of the labor appear in the lien filed or in the copies of the contracts or in the bill of particulars annexed.   The fifth and sixth clauses say that the kind and character of labor and materials furnished, or both, are set forth and particularly described in a bill of particulars hereto annexed and made part hereof.   A reference to the bill of particulars shows an itemized bill of materials furnished and labor performed, many of which articles, therein mentioned, are not the subject of a lien and then ends with the following items: "March 29, new building, per contract $3,300 addition of 20 ft. per contract.   $570." From what appears, neither in the copies of the contracts filed nor in the bill of particulars annexed, can any information, as to the kind and character of the material furnished or to be furnished or the labor to be performed, be gained.   [It is evident that information on the referred to subjects can only be gained from the specifications, which specifications are made a part of the contract by the contract itself and the failure to annex a copy of the specifications to the lien as filed seems fatal to its validity.] [2]

&ast;       &ast;       &ast;       &ast;       &ast;       &ast;       &ast;       &ast;

In the present case the first agreement several times refers to the plans and specifications as a part of the contract.   The second agreement refers to the first agreement, for the kind of labor and material furnished, and yet it, the first agreement, is entirely silent upon these subjects, except as furnished by the plans and specifications, which are made a part of the contract, but are not filed with it.   The lien filed, in its fifth and sixth clauses, as before said, refers to a bill of particulars annexed for information as to the kind and character of labor done and materials furnished.   A reference to the bill of particulars shows that it is perfectly silent upon these subjects but refers to the contracts for information.   To annex a copy of the plans and specifications to the contract when filed,

may make the lien lengthy and burdensome to file, but we cannot hold this as a valid reason for failing to comply with the statutory requisites. [The contracts make the plans and specifications a part of them and therefore they should have been filed with the contracts as a part of them.] [3] Nor does a bill of extras aid the lien. They do not seem to be embraced in the contract or furnished in pursuance of same. Many of the items are not subjects of the lien. For instance benches, screen frames, pictures, moldings, repairing old bar and beer stands and similar items. These items are all separate and independent items, and are in no way connected with the original contracts and can not aid the lien.

*Errors assigned* were (1–3) portions of the opinion of the court below, quoting them; (4) quashing the lien and directing it to be stricken from the records.

*H. O. Bechtel*, with him *Kline, Smith & Bigelow*, for appellant, cited : Young v. Lyman, 9 Pa. 449 ; Russell v. Bell, 44 Pa. 47 ; Bohem v. Seel, 185 Pa. 382; Chapman v. Faith, 18 Pa. Superior Ct. 578 ; Davis v. Farr, 13 Pa. 167 ; Brown v. Kolb, 8 Pa. Superior Ct. 413 ; Howard v. Olyphant Boro., 181 Pa. 191 ; Learmonth v. Veeder, 11 Wis. 138 ; Mercer Milling and Lumber Co. v. Kreaps, 18 Pa. Superior Ct. 1.

*A. W. Schalck*, for appellees, cited: Barclay's App., 13 Pa. 495 ; Bevan v. Thackara, 143 Pa. 182; Singerly v. Cawley, 26 Pa. 248 ; McCay's App., 37 Pa. 125 ; Smaltz v. Knott, 3 Grant, 227 ; Lauman's App., 8 Pa. 473 ; Lycoming Mut. Ins. Co. v. Sailer, 67 Pa. 108 ; American Underwriter's Assn. v. George, 97 Pa. 238 ; Farmers & Mechanics' Mut. Ins. Co. v. Meckes, 10 W. N. C. 306; City Ins. Co. v. Bricker, 91 Pa. 488.

OPINION BY MR. JUSTICE FELL, March 21, 1904 :

This appeal is from an order of the court making absolute a rule to show cause why a mechanic's lien should not be struck from the record. The plaintiff was the contractor for the whole building, and the defendants were the owners. The contract was in writing and it provided for the erection of a two-story

hotel building for an agreed sum, according to plans and specifications which were expressly made a part of the contract. A second contract was made for the enlargement of a part of the building. This also was in writing and it provided that the work and materials were to be of the kind called for in the first agreement. Copies of both contracts were filed with the lien, but no copies of the plans and specifications were filed. The question raised is whether the failure to file the plans and specifications made the lien invalid.

The eleventh section of the Act of June 4, 1901, P. L. 431, specifies what a lien shall contain, and one of the things to be set forth by the claimant is " a copy of his contract or contracts, if in writing, or a statement of the terms and conditions thereof, if any of them are verbal." As the specifications were made a part of the contracts by act of the parties and as they are in fact an essential part of both contracts because they provide for all the details of construction and without them the contracts would be incomplete, the omission to file them cannot be disregarded. A mechanic's lien is purely statutory and a compliance with the statutory requirements is necessary in order to give it validity. There is no intendment in its favor. It must be self-sustaining and must show on its face that it is such a lien as the statute authorized the claimant to file. This has been the uniform course of decision under former acts: Smaltz v. Knott, 3 Grant, 227 ; Wharton v. Real Estate Investment Co., 180 Pa. 168. We therefore hold that where the specifications are expressly made a part of the contract or are referred to as a part of it, they must be filed with it. If only a part of the specifications apply to a work for which a lien is filed, that part only need be filed.

Plans may be important or even necessary to indicate the methods to be followed and the results to be accomplished in carrying out a building contract. But there is a distinction between them and specifications that provide for the kinds, quality and quantity of materials to be used and the work to be done and the time and manner of doing it, without which the contract would be incomplete and ineffective. They are not in the same sense nor to the same extent an integral part of the contract. Their office is rather to illustrate and explain what is to be done. Often they consist of drawings, designs

and plates that are not the property of the contractor nor within his control but belong to the owner or the architect of the building, and their size and form are often such that the filing of copies of them, if not utterly impracticable, would cause great public and private inconvenience.    The purpose of the eleventh section of the act is to require the claimant to state the nature and extent of the lien claimed and the grounds on which the demand is based.    Full effect may be given to the part of this section that provides for the filing of a written contract without adopting a construction that would require the filing of building plans.

The lien cannot be saved on the ground that it contains some items that are good.    The only support the claim for extra work has is a bill for materials sold and work done, annexed to the lien.    Very few of the items of the bill could be made the subject of a mechanic's lien.    If these were provided for by the specifications they fall with the rest of the lien and if they were furnished under a verbal contract with the owners, there is no "statement of the terms and conditions thereof" as required by the act.

The order striking off the lien is affirmed.