# Warren *v.* Johnston, Appellant.

*Appeals—Final and interlocutory orders—Review.*

Where a final order has been made granting judgment on a scire facias sur mortgage, and an appeal has been taken therefrom, the appellate court may review an interlocutory order of the court below refusing to strike off the lien.

*Mechanics' liens—Contract—Contractor and owner—Detailed statement —Act of June 4, 1901, P. L. 431, sec. 11, par. 6.*

Where a lien is filed by a contractor on a contract with the owner for the furnishing of the material and labor and the construction of a dwelling house "a detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charged for each thereof," need not be set out in the lien.

Where a building contract does not incorporate and make the specifications a part thereof, the specifications need not be filed with the lien.

Where a part of the contract is verbal, and the items of it are not covered by the written contract, and no statement of the terms and conditions of the verbal portion of the contract is set forth in the lien filed, the lien to that extent is bad, and such items will be stricken out.

Argued April 9, 1907.   Appeal, No. 42, April T., 1907, by defendant, from order of C. P. No. 2, Allegheny Co., July T., 1905, No. 763 and M. L. No. 12, April T., 1905, making absolute rule for judgment for want of a sufficient affidavit of defense in case of John G. Warren v. A. A. Johnston.   Before RICE, P. J., HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Scire facias sur mechanic's lien.   Before SHAFER J.

On a rule for judgment for want of a sufficient affidavit of defense SHAFER J. filed the following opinion :

The action is sci. fa. on a mechanic's lien against a dwelling house, built by the plaintiff as contractor with the owner, the defendant.   The affidavit of defense alleges that the specifications accompanying the contract are not filed with the lien, and that the specifications were left with the plaintiff and that defendant had no copy of them.   The affidavit then proceeds to state that the house was not turned over in a good and

workmanlike manner; that the house was to contain a heater, not, however, to be put in by the plaintiff, but that heater pipes and registers were to be put in; that the pipes were in part put in, but roughly, and that no registers were put in the rooms, and that no flue over the cellar was built in the chimney for use with the heater; that the plumbing and gas fitting was left in a very un-workmanlike manner; that the drainage from the kitchen and bath room was not carried down away within the cellar at the top of the wall, and that all the gas fitting had to be reconstructed and repaired; that the mantels in the house were poorly set and of inferior material, and that the painting of the inside of the house was only half done, and that poor lumber was used in the house in many places. That the house cost the defendant about $3,800; and that it would be worth at least $5,000 if the work was properly done, but that defendant could not get an offer of $3,500 for it to-day. That to tear out the center of the house and to build a new flue for the furnace, and make the necessary alterations in the house, and buy registers would cost $1,000, as he believes he will be able to prove on the trial. That to repair the plumbing and gas fitting would cost $150 or over; to repaint and grain the house, $50.00; and to replace bad lumber, $150; and for other similar defects at least $150, making a total sum of $1,500. He denies that he was ever the owner of the property described in the lien or ever received a deed for it. The contract price of the house was $2,293 as appears by the mechanic's lien, and on account thereof $1,100 was paid by the defendant, $500 thereof being paid on September 12, 1904, the last work done by the plaintiff, having been done August 15, 1904. The defendant further shows that in October, 1904, after he had paid $1,100 on the contract price, he endeavored to procure a loan of $900, to pay on the balance, from a building and loan association, and that from that time until June, 1905, the money was wrongfully withheld from him by the counsel of the building and loan association, who were also the counsel for the plaintiff in this case. As to the principal item of the defense, the cost of an extra flue for the use of a heater in the cellar for which plaintiff claims $1,000, it is not alleged that it was agreed that such a flue was to be provided or was called for by the plans and specifications. None of the items

of defective workmanship are set out with such particularity as to show of what they consist, and the damages alleged, considering the proportion they bear to the contract price of the house and the fact that defendant was endeavoring to borrow $900 to pay the plaintiff, in addition to what he had paid, seem to be monstrously excessive, making it so much the more necessary that they should be set out with some particularity. We are of opinion that the affidavit is not sufficient to prevent judgment.

This rule is therefore made absolute.    ·

*Error assigned* was the order of the court.

*Alfred M. Lee,* for appellant.

*John P. Hunter,* with him *Walter Lyon* and *James Francis Burke,* for appellee.

OPINION BY MORRISON, J., May 13, 1907 :

The questions raised by this appeal are the refusal of the court below to strike off a mechanic's lien and granting judgment on a sci. fa. thereon for want of a sufficient affidavit of defense.

The appellee contends that the question of the refusal of the court to strike off the lien cannot now be considered. The counsel for defendant moved to strike off the lien and this motion was refused. This is not a final order or judgment from which an appeal will lie. In such case the defendant must wait until there is a final judgment before he can have the action of the court reviewed : " An appeal does not lie from the refusal of the court to strike off a mechanic's claim : " Carter v. Caldwell, 147 Pa. 370. We, therefore, hold that the defendant is entitled to have the action of the court, in refusing to strike off the lien, reviewed.

The lien was filed under a written contract between the plaintiff and the defendant, owner, for the furnishing of the material and labor and construction of a dwelling house for the entire sum of $2,293. In our opinion, the lien is substantially in compliance with the Act of June 4, 1901, P. L. 431, with the exceptions to which we will refer hereafter. We think the

court did not err in refusing to strike off the lien so far as it is within the provisions of the written contract attached and filed therewith. The lien being by a contractor on a contract with the owner for the furnishing of the material and labor and the construction of a dwelling house, "a detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charged for each thereof," need not be set out in the lien: Sec. 11, par. 6, Act of June 4, 1901, P. L. 431.

That the plaintiff did not have the specifications, or a copy thereof, is a sufficient answer to the objection that they should have been filed with the lien. In addition, the contract did not incorporate and make the specifications a part thereof: Knelly v. Horwath, 208 Pa. 487. Moreover, the plaintiff was entitled to amend the lien in this respect, which was done by leave of court under sec. 51 of the act of June 4, 1901, supra: Thirsk v. Evans, 211 Pa. 239.

But we hold that so much of the lien as is based on a verbal contract, to wit: stone wall, extra, $10.00 and graining house, $60.00, is bad, because it does not comply with sec. 11, par. 4 of the act of 1901 in that, " A copy of the contract or contracts, if in writing, or a statement of the terms and conditions thereof, if any of them are verbal," is not set forth in the lien. It is not pretended that the $10.00 and $60.00 items referred to are covered by the written contract, and if furnished at all, the contract or arrangement under which they were furnished should be set out: Knelly v. Horwath, 208 Pa. 487. Therefore, the order and judgment should be modified by striking out of the lien and the judgment those items as of the proper date so that the defendant will not be charged interest thereon. With this correction, and the amendment allowed by the court, we consider the lien valid and legal.

Now coming to the affidavit of defense: we consider it argumentative, vague, indefinite and evasive. With the exception of the $10.00 and $60.00 items it does not sufficiently set up and liquidate any damages so that the same can be set off against the plaintiff's claim. As to its defects, we need only refer to the opinion of the learned court below and the affidavit and supplemental affidavit which speak for themselves. The plaintiff constructed the house and the defendant paid him $600 before it was completed. Then two months after the de-

fendant took possession of the house he paid plaintiff the additional sum of $500. The affidavits of defense furnish a striking example of a defendant laboring to set up a defense where none appears to exist.

The assignments of error are all dismissed, except the second, and the lien and judgment is modified by striking out the items of $10.00 and $60.00, as of the proper date, and as so modified, the judgment is affirmed.