Opinion by
Henderson, J.,
The appellant is the representative of a subcontractor who filed a lien against the appellee. Judgment was entered in favor of the owner on the whole record. The defense set up was that notice of an intention to file the lien was not served on the owner at least one month before the claim was filed, and the case turns on the question whether a lien filed less than thirty days after notice may be enforced. The eighth section of the Act of June 4, 1901, P. L. 431, provides that “Any subcontractor, intending to file a claim, must give to the owner written notice to that effect, together with a sworn statement setting forth the contract under which he claims, the amount alleged to be still due and how made up, the kind of labor or materials furnished, and the date when the last work was done or materials furnished.” It is further provided that this notice and statement must be served at least one month before the claim is filed. It has been repeatedly said that a mechanic’s lien is a pure creature of the statute, and that compliance with statutory requirements is necessary to its validity: Wharton v. Investment Co., 180 Pa. 168; Knelly v. Horwath, 208 Pa. 487; Tenth Nat. Bank v. Smith Construction Co., 218 Pa. 581. The preference given to a mechanic *645 or material man to secure his debt by lien is a privilege which only exists by legislative permission, and compliance with the statutory requirement must be observed by him who would have the advantage which the law gives him. The language of the act is imperative that this notice be given. We have nothing to do with the wisdom of the requirement, nor can we say that the doctrine of substantial performance applies. When the act fixes a date at which, or within which, something is to be done in order to establish a valid claim, substantial conformity will not answer. There must be compliance with the requirement: Guarantee B. & L. Assn. v. Connor, 216 Pa. 543. When a time is fixed within which the lien must be filed it will not do to say a claim entered one day or one month thereafter is in practical conformity to the law and does the owner no harm. If we say that a lien may be entered with less than thirty days’ notice, why may we not with equal propriety hold that no notice is necessary? The provision for notice is important to the owner. He is given an opportunity to avoid the cost, annoyance and inconvenience of a lien by adopting such measure as may be available for that purpose. When the lien is effectively filed the property is chargeable with the costs of the proceeding. If a valid lien may be filed before the owner has had thirty days’ warning it would seem to be a necessary consequence that the costs must follow the lien. It cannot be logically said that a material man has a right to the lien and to its enforcement and may still be deprived of his costs. When the act says that a notice must be given thirty days before the lien is filed, that is equivalent to the declaration that a valid lien cannot exist unless notice was given at least thirty days prior to its entry. Such notice is a condition precedent. The words of the act are “must be served.” No more imperative lanugage could be used and we are not at liberty to weaken its plain significance by construction. Of language so plain there is no room for interpretation. We held in Wolf Co. v. Penna. R. R. Co., 29 Pa. Superior Ct. 439, that the provisions of this section with reference to notice are mandatory and that compliance with them is a condition precedent to the right to file a lien; that this *646 provision of the statute is an essential requirement and failure to comply with it is fatal to the validity of the claim. The late case of Tenth Nat. Bank v. Smith Construction Co., 218 Pa. 581, is to the same effect.
There is nothing in the case on which the defendant could be held to have waived her right to notice. After the lien was filed and she was notified of that fact, she promptly filed an affidavit of defense in winch she set up the defense now relied on. She was not called upon to act until the plaintiff proceeded to collect the claim. The plaintiff was not misled by any act of the defendant nor was the latter silent when she was called upon to speak.
The judgment is affirmed.
Rice, P. J., dissents.