## Miller, Appellant, *v.* Fitz.

*Appeals—Interlocutory order—Mechanic's lien—Discharging rule to strike off.*

1. An order discharging a rule to strike off a mechanic's lien is an interlocutory order from which no appeal can be taken until after final judgment in the case. After final judgment the order may be reviewed.

*Mechanic's lien—Notice to owner—Act of June 4, 1901, P. L. 431.*

2. Where a subcontractor files a mechanic's lien against a building, naming a husband as the owner, when in fact the wife of the man named was the real and recorded owner, and subsequently the lien is amended so as to name the wife as owner, but without any service upon her of the notice and sworn statement required by the Act of June 4, 1901, P. L. 431, and it appears that the wife did nothing which indicated any ratification of any act of her husband, the lien cannot be sustained, and if a sci. fa. issues thereon, and the wife accepts service thereof, she may, notwithstanding the acceptance of service, have the lien struck off, or if the case goes to trial, have a nonsuit entered in her favor.

Argued Oct. 18, 1909. Appeal, No. 237, Oct. T., 1908, by plaintiffs, from order of C. P. Franklin Co., April T., 1907, No. 95, refusing to take off nonsuit in case of John M. Miller and George A. Miller, trading as Miller Brothers, Subcontractors, v. Harvey J. Fitz, Contractor, and Mary Dulany Barker, Owner. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, BEAVER and PORTER, JJ. Affirmed.

Scire facias sur mechanic's lien. Before GILLAN, P. J.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* among others was refusal to take off nonsuit.

*John R. Ruthrauff*, of *Ruthrauff & Nicklas*, for appellants.

*Irvine C. Elder*, with him *Walter K. Sharpe*, for appellee.

OPINION BY MORRISON, J., March 3, 1910:

This issue was upon a scire facias sur mechanic's lien and at

the trial the court granted a compulsory nonsuit and subsequently refused to take it off and appellants excepted and, hence, this appeal.

The record contains ten specifications of error, but a careful examination of them, and the entire record, does not convince us that the whole record discloses reversible error. It is not proposed to discuss each assignment separately because of the controlling fact that the appellants did not succeed in filing a valid mechanic's lien against the property of the appellee, Mary Dulany Barker.

The lot of ground upon which the building was erected and against which the lien was filed stood in the name of Mary Dulany Barker. It had been conveyed to her by Francis L. Tracy and wife by deed dated January 5, 1906, and this deed was duly recorded in Franklin county on January 25, 1906, before any lumber had been furnished by claimants or anyone else. The building was erected during the summer of 1906, and it is averred and not denied, that the full contract price was paid. The fact that the property was owned by Mary Dulany Barker was shown by the appellants by their petition to amend the lien, which petition was put in evidence by them. The lien was not filed until December 31, 1906, and it was not then filed against Mary Dulany Barker, the owner of the property, but against John A. Barker, Jr. On February 11, 1907, about a year after Mrs. Barker's deed had been recorded, and almost six months after the last materials are alleged to have been furnished, appellants obtained leave to amend their lien by striking out the name of John A. Barker, Jr., and inserting in place thereof the name of Mary Dulany Barker. Appellee's counsel contend this amendment was made without any notice whatever to Mary Dulany Barker.

On March 8, 1907, the scire facias was issued and service thereof accepted by Mary Dulany Barker on March 18, 1907. On March 26, 1907, she moved to strike the lien from the record, alleging, among other reasons, that no notice, either of an intention to file the lien or that a lien had been filed, had ever been served upon her by Miller Brothers or anyone for them. To this rule appellee's counsel aver that Miller Brothers

filed an answer, admitting the fact that no notice had been served upon Mary Dulany Barker, but for some reason this petition and answer is not printed in appellant's paper-book, although the copy of docket entries as they appear in the paper-book, show that they were a part of the record. The court below, after argument upon said petition and answer, discharged the rule to strike off the lien. This ruling of the court was interlocutory and no appeal could be taken therefrom until after final judgment in the case. "No appeal lies from an order discharging a rule to strike off a mechanic's lien:" Breitweiser Co. v. Scott, 33 Pa. Superior Ct. 627. "When a final order has been made granting judgment on a scire facias sur mechanic's lien, and an appeal has been taken therefrom, the appellate court may review an interlocutory order of the court below refusing to strike off the lien:" Warren v. Johnston, 33 Pa. Superior Ct. 617.

The eighth section of the Act of June 4, 1901, P. L. 431, provides that "Any sub-contractor, intending to file a claim, must give to the owner written notice to that effect, together with a sworn statement setting forth the contract under which he claims, the amount alleged to be still due and how made up, the kind of labor or materials furnished, and the date when the last work was done or materials furnished." It is further provided that this notice and statement must be served at least one month before the claim is filed. It has been repeatedly said that a mechanic's lien is a pure creature of the statute, and that compliance with the statutory requirements is necessary to its validity: Keely v. Jones, 35 Pa. Superior Ct. 642, and authorities therein cited.

Section twenty-one of the same act provides for notice to the owner within one month after the filing of the claim, that it has been filed, etc. By the plain terms of the act, as well as by judicial decision, a failure to give either or both of said notices renders the lien fatally defective and it may be stricken from the record. The appellants failed to show at the trial that either of the above notices had been lawfully given to Mary Dulany Barker, the owner of the property.

Persons can only enjoy the benefits of the mechanic's lien

law by complying with its requirements.  If a notice by a subcontractor of an intention to file a lien is defective, the owner does not by pleading to the scire facias on it, waive his right to make defense on the trial that a condition of the right to file a lien had not been complied with: McVey v. Kaufmann, 223 Pa. 125.  See also Tenth National Bank of Philadelphia v. The Smith Construction Co., 218 Pa. 581; Wolf v. Penna. R. R. Co., 29 Pa. Superior Ct. 439; Guarantee Building & Loan Assn. v. Connor, 216 Pa. 543.

In the present case the notices were directed to John A. Barker, Jr., and served on him as owner.  There was no attempt to serve the notices on the appellee, the owner, by delivering them to John A. Barker, Jr., as her agent.  The appellants clearly meant to and did serve the notices on him as the owner. The most casual inspection of the notices and services shows this.  Therefore, when the lien was amended to stand against Mary Dulany Barker, owner, it was a lien against her property not supported by any notice, whatever, to her.  This rendered the lien fatally defective, and it ought to have been stricken off on her motion.

We find nothing in this record entitling the appellants to the privileges of the fourth section of the act of June 4, 1901. The evidence does not show that the appellee knowingly permitted anyone to act as owner, nor that she did anything to mislead the contractor, subcontractors or anyone else.  On the contrary, it is conceded that her deed was duly recorded before the contract for the building was made and the material furnished.  In addition to this, the evidence shows that the appellee was the first one to speak to the contractor about erecting the building and she gave directions in regard to the plans for the same.  Subsequently, she directed changes to be made.  While it is true that the contract for the building was made and signed by John A. Barker, Jr., it does not appear that Mrs. Barker was present when the contract was made, nor does the evidence show that she ever knew that there was a written contract between John A. Barker, Jr., and Fitz, the contractor, until after the lien was filed and the scire facias served on her.  But it does appear that she was present during

the progress of the work, giving directions, etc. It is further conceded that the full contract price was paid. We cannot, therefore, say that she did anything to lead any business man to suppose that she was not the owner. "The plaintiff was not misled by any act of the defendant nor was the latter silent when she was called upon to speak:" Keely v. Jones, 35 Pa. Superior Ct. 642. Moreover, when one permits another to act as the owner the penalty imposed by the fourth section of the act of June 4, 1901, is as follows: "Any owner, . . . . who shall knowingly suffer or permit any person, acting as if he were the owner, to make a contract for which a claim could be filed, without objecting thereto at the time, shall be treated as ratifying the act of such person acting as if he were the owner, and the claim may be filed against the real owner, with the same effect as if he himself had made the contract. Ratification shall also be presumed, and a like subjection to lien shall · follow, if the owner, . . . . subsequently learning of such contract or of work being done upon his property, shall not, within ten days thereafter, repudiate the same, either by notice to the contractor and sub-contractors or by posting such repudiation on the most public part of the structure or other improvement."

If we assume that the appellee so conducted herself that the appellants might have availed themselves of the benefits of said fourth section of the act, their only legal course was to have filed the lien against the real owner, and to do this they must have given her the prerequisite notice required by the eighth section of the act and having filed the lien they must have followed by giving her the subsequent notice required by the twenty-first section of the act. Therefore, we are forced to the conclusion that if the lien filed against John A. Barker, Jr., and amended to stand against Mary Dulany Barker, as owner, were treated as a lien filed under the fourth section of the act, it would still be invalid because of the failure to serve the requisite notices upon Mary Dulany Barker.

The appellants were guilty of negligence in failing to examine the records in the recorder's office of Franklin county where Mrs. Barker's deed was of record. This record was

notice to everyone of her ownership of the property, and it was sufficient to protect her rights in a case where the appellants have signally failed to show that she, either actively or passively, did anything to lead them to suppose that John A. Barker, Jr., was the owner of the property.

On the facts in the present case, we think, the opinion of our Brother HENDERSON, and the authorities therein cited, in Keeley v. Jones, supra, clearly demonstrate that this lien does not comply with the act of assembly, and that the appellee was entitled, on her motion, to have it stricken from the record.

There was nothing in this case on which the appellee could be held to have waived her right to notice. "After the lien was filed and she was notified of that fact (by the sci. fa.), she promptly filed an affidavit of defense in which she set up the defense now relied on. She was not called upon to act until the plaintiff proceeded to collect the amount of the claim. The plaintiff was not misled by any act of the appellee nor was the latter silent when she was called upon to speak:" Keely v. Jones, 35 Pa. Superior Ct. 642.

The present lien against the property of the appellee was incurably defective, and, therefore, the learned court did not err in refusing to take off the compulsory nonsuit. The assignments of error are all overruled and the judgment is affirmed.