## Dye v. Fryer.

*Mechanic's lien—Rule to strike off—Answer—Replication—Practice, C. P. —Balance of mutual accounts—Act of June 4, 1901.*

1. Where an answer is filed to a petition for a rule to strike off a mechanic's lien, and no replication is filed as provided by the Act of June 4, 1901, P. L. 431, the averments of the answer will be taken as true.

2. Where the claim for a mechanic's lien and the averments of an answer to a petition to strike off (no replication being filed) show that the amount of the lien does not represent the amount due for material furnished, but a balance due on account of mutual transactions, and it is not possible to ascertain from the record the amount for which a lien could be legally filed, the lien will be stricken off.

Rule to strike off mechanic's lien. C. P. Northumberland Co., Feb. T., 1923, No. 278.

*H. W. Chamberlain* and *C. B. Reiminsnyder*, for plaintiff.

*R. L. Belford*, for defendant.

LLOYD, J., April 14, 1924.—This is a rule to show cause why a mechanic's lien should not be stricken from the record.

The motion upon which the rule was awarded assigns three reasons in support thereof:

"1. The claim does not show whether the materials alleged to have been furnished were so furnished in pursuance of a written or oral contract, nor with whom such contract, if any, was made.

"2. The claimant claims the sum of $310.56. In his statement the item 'less other merchandise sold and delivered by claimant to Thomas G. Fryer, $125.65,' appears without date or anything to explain it. It is impossible to ascertain how much of the claim is good and how much bad.

"3. The claim does not state whether the material was furnished for work done in new construction or in fitting up and equipping an old structure."

The claimant answered the rule as follows:

"And now, Jan. 21, 1924, H. E. Dye, the claimant above named, by his attorney, H. W. Chamberlain, comes to court and makes answer to the rule to strike off the lien in the above stated case as follows:

"1. Under the mechanic's lien, it is not necessary for the claimant to show whether the materials alleged to be furnished were so furnished in pursuance of a written or oral contract, or with whom the contract was made other than the owner. The claimant does, however, set out that no contractor, architect, or builder was employed in the erection of the building to the knowledge of the claimant.

"2. In answer to the second paragraph of the allegation in the petition for rule, the claimant makes answer as follows: That the whole amount due the claimant for material furnished was $455.93, upon which there was a credit of $38.20 for bags returned. That there were other dealings between claimant and defendant as follows: Claimant had sold and delivered other merchandise to defendant to the amount of $125.65, for which the claimant, at the request of the defendant, surrendered the original slips, all of which are not in the possession of the defendant, and for that reason claimant was unable to set forth in detailed items. That the claimant gave credit in the lien for a book account owed to the claimant by Thomas G. Fryer for $107.82, and also credit for a book account of $125. That the amount due the claimant over and above the credits given is $310.56, all of which is well known to the defendant, and from which the defendant can very readily ascertain how much of the claim is good and how much is bad, if he wants to know.

"3. In answer to the third paragraph of the petition for the rule, the claimant makes answer as follows: That the material furnished was for a new structure and not for fitting up an old structure which was not necessary to be set up.

"4. That the claimant, in view of the facts set forth in this answer, asks leave to amend his statement of claim by stating that the materials were furnished in pursuance of verbal orders given from time to time by the defendant as the merchandise was furnished and delivered. Also, to further amend his statement by setting forth that the material was used in new construction, if, in the judgment of the court, it is necessary so to do."

Considerable of the oral and printed argument of counsel for plaintiff was devoted to his right to amend the lien. This right was just as strenuously contested by counsel for the owner. No replication was filed, and, inasmuch as the amendments sought by claimant are stated as facts in his answer, the question of his right to amend need not be determined, and the facts will be considered as if the amendment were made and allowed. This position is in keeping with section 52 of the Mechanics' Lien Act of June 4, 1901, P. L. 431, which contemplates and provides for petitions, answers and replications, when applicable to relief under the statute, expressly stating that the "facts averred by either party, and not denied in the answer or replication of the other, shall be taken as true in all subsequent proceedings in the cause, without the necessity for proof thereof."

These facts, considered in connection with the lien, cures the defects alleged in paragraphs 1 and 3 of the petition for the rule.

The second paragraph of the specification of claim consists of a number of items, detailed as to dates, kind and quantity of material, the prices charged and the total amount of such items. This is regular. But, in addition, it sets up a book account of the owner against the claimant, a credit by check and another charge for merchandise sold to Thomas G. Fryer, owner or reputed owner above named. An explanation of these latter additions is

made in claimant's answer, but no date is given, neither is the kind or quantity of merchandise given, and we are unable to ascertain, either from the lien or the answer, whether the merchandise sold and delivered to said owner was used in and about the dwelling erected on the land described in the lien, or whether or not the said items were proper subjects of lien, and, if so, sold within the statutory period. There is also a credit in the lien for a credit of $125 paid by owner to claimant; while in the answer it is stated that the credit is for a book account owing by the claimant to said Thomas G. Fryer. The owner received full credit for this lien, and it does not in any way change the figures and needs no further consideration.

From the specifications of claim and the claimant's answer, it is clear that the figures $310.56, the amount of the lien, does not represent the amount due claimant for material furnished the owner for his dwelling, but a balance due on account of mutual transactions. If it were possible to ascertain from the specification and answer the amount which could be legally liened, we would unhesitatingly do so and continue the lien for that amount under the authority of Warren v. Johnston, 33 Pa. Superior Ct. 617; otherwise, we are required to strike off the lien.

And now, April 14, 1924, the rule is made absolute, and it is ordered, adjudged and decreed that the said lien be stricken from the record.

From C. M. Clement, Sunbury, Pa.