## Keber et al. v. Stellato et ux.

*Moorhead, Marshall & Sawyer,* for plaintiffs.
*Smith & Schermerhorn,* for defendants.

McCREARY, P. J., March 24, 1951.—On December 23, 1949, plaintiffs filed a mechanics' lien against defendants for the price and value of materials fur-

nished and for work and labor done for and about the alteration and repair of a certain building owned by defendants and located on lot no. 708 in the Ambridge Land Company's Plan, situate in the Borough of Ambridge, Pa.

On February 3, 1950, defendants filed a petition and issued a rule on plaintiffs to show cause why the claim filed should not be stricken from the record. Defendants set forth in separate numbered paragraphs six reasons why the rule should be made absolute, but these six reasons may be combined into three. Briefly stated they are as follows:

1. The lien itself does not show that the last work was performed prior to December 15, 1949, notice of intention to file a lien having been given by plaintiffs to defendants on December 15, 1949. Defendant alleges that while the lien statement shows that the last work done by plaintiffs was performed on December 16, 1949, the lien shows on its face that whatever work was done on December 16th was merely an attempt to remedy the defective work completed previous to December 15th, and for the purpose of extending the time for filing the lien.

2. The second reason assigned for striking off the claim is that since the lien undertakes to state the manner in which notice was given it is defective in that it shows on its face that no formal notice was given, within 45 days of the date of filing the lien, of an intention to file a lien as required by the provisions of section 8 of the Mechanic's Lien Law.

3. The third reason assigned for striking off the claim is that the lien is defective in that it appears from the face of the lien and the record that the lien was filed less than 30 days after the notice of intention to file a lien was served.

We will consider these reasons in the order named.

We agree with plaintiff that the first reason assigned for striking off the claim has no merit. We are of the opinion that the question as to whether the work done or attempted to be done on December 16th, 1949, was actually the last work done on the job, or whether it was merely a matter of correcting or replacing defective work for the ostensible purpose of extending the time for filing the lien, is a question of fact to be decided by a jury and is not one properly to be decided by the court as a matter of law from the face of the record. In his brief of argument counsel for plaintiff says:

"It is the position of the plaintiff that the Notice of Intention to file a claim must be given by the subcontractor to the owner on or before the day the claimant completed his work or furnished the last of his materials. This is provided in Section 2 of the Act of June 4, 1901, P. L. 431 (49 P. S. 23). In the plaintiff's claim filed in this case it is set forth that in connection with the brick work, it was substantially completed but there was still an item to do of removing, straightening and re-laying a row of bricks which the owners had complained had not been properly done. The defendant argues that this on its face shows that the work was defective and therefore the completion of the defective work on December 16 cannot be counted. However, the plaintiff takes a position that the question that whether the claimant had 'completed his work' on or before December 16 is a matter of fact to be decided by a jury under all the evidence. The claimant came back to complete certain brick work at the request of the owner and whether this interpreted the completion of the work or not only a jury can decide. There is no admission or anything clear on the record to show that the work completed was defective. The only statement is that the owner had complained concerning the work. The

true status of whether the work was completed or not would be for a jury. In connection with the contract of October 24, 1949 dealing with the pouring of concrete on the porch floor, etc., the fact that the claimant came back on December 16 to complete the job of leveling the porch floor is a clear statement that the work was not yet completed. The testimony will show that the concrete had been poured on the porch floor in a rough state and that the final smoothing and leveling job with finer cement and concrete had yet to be completed which was to be done on December 16. The fact that the claim states that the concrete floor was to be 'leveled' means that the finishing coat was to be placed on it and cannot be held to be an admission that the prior work was defective as the defendant argues. Whether the concrete work was finished would again be a question for the jury to determine under the testimony as to the facts."

With this statement we are in full accord and therefore dismiss the reason first assigned for striking off the claim as being without merit.

However, we are of the opinion that the second and third reasons assigned for striking off the claim do have merit, and that since the defects set out in the second and third reasons assigned do appear from the face of the record the court is obliged to strike the lien from the record.

Sections 2 and 8 of the Act of June 4, 1901, P. L. 431, as amended, 49 PS §§23, 101, being sections of what is known as the Mechanic's Lien Law of Pennsylvania, make it clear that the lien as filed is defective. Section 2 reads in part as follows:

"Every structure or other improvement, and the curtilage appurtenant thereto, shall be subject to a lien for the payment of all debts due to the contractor or sub-contractor in the erection and construction or

removal thereof, in the addition thereto, and in the alteration and repair thereof, . . .

"Nor shall any claim for alterations or repairs . . . be valid, unless it be for a sum exceeding one hundred; and, in the case of a sub-contrator, unless, also, written notice of an intention to file a claim therefor, if the amount due be not paid, shall have been given to the owners or some one of them, . . . on or before the day the claimant completed his work or furnished the last of his materials."

Section 8 of the Mechanic's Lien Law reads in part as follows:

"*Any* sub-contractor, intending to file a claim, must give to the owner written notice to that effect, verified by affidavit, setting forth the name of the party with whom he contracted, the amount alleged to be still due, the nature of the labor or materials furnished, and the date when the last work was done or last materials furnished. Such notice must be served at least one month before the claim is filed, and within three months after the last of his work was done or materials furnished, if he has six months within which to file his claim, and within forty-five days thereafter, if he has but three months within which to file it." (Italics supplied.)

It is clear from a reading of these two sections of the Mechanic's Lien Law that when a subcontractor mechanic files a lien for alterations or repairs there are two notices that must be given, one an informal notice under the provisions of section 2 of the act, and the other a formal notice, under oath, setting forth details as required by section 8 of the act. Cushman in his treatise on The Law of Mechanics' Liens in Pennsylvania makes this clear, if there ever were any doubt about it. He says that a subcontractor claiming for alterations or repairs must give two notices before he files his claim, first a notice in

writing of his intention to do so, if the amount due be not paid, on or before the day claimant completed his work or furnished the last of his materials, and also a written notice of such intention, verified by affidavit, in the form required by section 8 of the Act of 1901, as amended, within 45 days after the last of his work was done or materials furnished, and at least one month before the mechanics' claim is filed. He cites Sinnot v. Beard, 14 Dist. R. 610 and East End Mantel & Tile Co. v. Greensburg Plumbing Co., 16 Dist. R. 779. He says that the notice required by section 2 is not to be confused with that required by section 8. An averment in the mechanics' claim of the notice required by section 8 cannot be regarded as a substitute for that required by section 2, and will not cure an omission of an averment as to when and how the written notice required by section 2 was given.

In the case we are considering it is obvious from the face of the record that plaintiff did comply with the requirements of section 2 of the Mechanic's Lien Law of Pennsylvania, but it is crystal clear that plaintiff did not comply with the provision of section 8 of the act because the lien itself was filed one week after the date plaintiff himself says he furnished the last work and materials on the job.

A lien for alterations and repairs stands on a different footing, under the act, from a lien for erection and construction. Its inception is wholly dependent on an act on the part of a claimant indicative of an intent to claim a lien for work of that kind, while a lien for erection and construction has its inception from the visible commencement of the structure upon the ground. It should be noted that the first two words in section 8 of the Mechanic's Lien Law are *"Any sub-contractor"*. It does not say "Any sub-contractor except a sub-contractor claiming for alterations and

repairs"; it says "Any sub-contractor". This means *all* sub-contractors must comply with the provisions of section 8 of the Mechanic's Lien Law.

Cushman further observes that the notice required to be given by *all* sub-contractors under the provisions of section 8 of the Mechanic's Lien Law is much more formal than the preliminary notice required by section 2 of the act. He observes that at least one month before the mechanic's claim is filed, and within 45 days within which the last of his work was done or materials furnished, a subcontractor claiming for alterations and repairs must serve on the owner a written notice of intention to file a claim, verified by affidavit, "setting forth the name of the party with whom he contracted, the amount alleged to be still due, the nature of the labor or materials furnished, and the date when the last work was done or last materials furnished". He cites the case of Keely v. Jones, 35 Pa. Superior Ct. 642, wherein the court entered a judgment in favor of the owner on the whole record. The language of the court is as follows:

"The language of the act is imperative that this notice be given. We have nothing to do with the wisdom of the requirement, nor can we say that the doctrine of substantial performance applies. When the act fixes a date at which, or within which, something is to be done in order to establish a valid claim, substantial conformity will not answer. There must be compliance with the requirement: Guarantee B. & L. Assn. v. Connor, 216 Pa. 543. When a time is fixed within which the lien must be filed it will not do to say a claim entered one day or one month thereafter is in practical conformity to the law and does the owner no harm. If we say that a lien may be entered with less than thirty days' notice, why may we not with equal propriety hold that no notice is necessary? The provision for notice is important to

the owner. He is given an opportunity to avoid the cost, annoyance and inconvenience of a lien by adopting such measure as may be available for that purpose. When the lien is effectively filed the property is chargeable with the costs of the proceeding. If a valid lien may be filed before the owner has had thirty days' warning it would seem to be a necessary consequence that the costs must follow the lien. It cannot be logically said that a materialman has a right to the lien and to its enforcement and may still be deprived of his costs. When the act says that a notice must be given thirty days before the lien is filed, that is equivalent to the declaration that a valid lien cannot exist unless notice was given at least thirty days prior to its entry. Such notice is a condition precedent. The words of the act are 'must be served'. No more imperative language could be used and we are not at liberty to weaken its plain significance by construction. Of language so plain there is no room for interpretation."

The mechanics' lien which we are now considering is defective in that: (1) The formal notice of intention to file a mechanics' lien, required by section 8 of the Mechanic's Lien Law to be filed by every subcontractor, was not given by plaintiff, and (2) the lien was filed within 45 days from the date the last work was done, but considerably less than 30 days after even the informal notice required by section 2 was given, and certainly less than 30 days after the formal notice was given since it appears of record that the formal notice was never given. At the argument counsel for plaintiff insisted that it would be foolishness, and therefore could not have been the intention of the legislature, to require a subcontractor on an alterations and repairs job to give two notices of his intention to file a lien. With this we cannot agree. The legislature must have understood that when a subcontrac-

tor mechanic performs an alteration and repair job it is different in kind and quality from a new construction job. For the protection of the owner the legislature requires that this stranger to the contract the owner has with the contractor must give immediate notice of the fact that the subcontractor has not been paid and that he intends, at a later date, to give formal notice in detail, under oath, of an intention to file a lien. The informal notice is for the purpose of putting the owner on guard against paying the amount he normally would pay the contractor until the subcontractor has had his claim satisfied. He could not, at that time, be expected to have prepared and ready to hand to the owner the formal notice required by section 8. The law requires that the subcontractor must give the formal notice, of an alterations and repairs job, within 45 days of the completion of his part of the work, and that notice must be one to give the owner an opportunity to investigate the details which must be set forth in that formal notice. The owner has 30 days within which to complete this investigation, and if the subcontractor violates the provisions of the Mechanic's Lien Law by failing to give the owner that requisite 30 days of time within which to make his investigation, the lien must be stricken from the record.

It is not for counsel to say and it is not for the court to say that the serving of two notices as required by the Mechanic's Lien Law is foolish. The legislature has declared that it is not. As was said by the court in the case of Tenth National Bank of Philadelphia v. Smith Construction Company (No. 1), 218 Pa. 581:

"A mechanic's lien is a pure creature of the statute, and compliance with statutory requirements is necessary to its validity . . . Whether these requirements may be vain or useless is never a question for the

courts. Without legislative authority a mechanic's lien cannot be filed, and when the right to file one is given by that branch of the state government which alone can give it, statutory conditions and requirements must be observed and followed, with no question as to the wisdom of the legislature in prescribing them."

For further authority for the position we take in this case under consideration see Grass v. Eisenbrey, 59 Montg. 258.

We have been unable to find any appellate authority squarely ruling the point which we make, namely, that when a subcontractor files a mechanic's lien for alterations and repairs he must give: (1) An informal notice as required by section 2 of the act and (2) a formal notice under the provisions of section 8 of the act, but we assume that there is no appellate authority on the question for the reason that it is so clear that both notices are required, as indicated by a studied reading of these two sections, that no lawyer in Pennsylvania has ever had the temerity to carry a case involving the question to the appellate court. While the question was not squarely raised in the case of Higgins Lumber Company v. Marucca et al., 159 Pa. Superior Ct. 405, it is clearly indicated in that case that the two notices are required. We gather from a reading of that case that claimant did comply with section 8 of the Mechanic's Lien Law by giving the formal notice, but defendant established the fact that the informal notice required by section 2 had not been given. The jury returned a verdict for plaintiff and the lower court entered a judgment for defendant n. o. v. Plaintiff appealed and the judgment of the lower court was affirmed, the court holding that the informal notice required by section 2 of the act was not given by claimant. The only proofs in the record were that claimant sent the informal notice

by mail addressed to the owners with the latters' names improperly spelled and directed to a wrong address. The court held that there was no presumption that such a notice deposited in the United States mail was ever received, although the ruling would have been otherwise had the names of the parties been properly spelled and the correct address given.

For the reasons stated we make the following

### Order

Now, March 24, 1951, after argument before the court en banc it is ordered, adjudged and decreed that the rule to show cause why the mechanics' lien filed at the above stated term and number should not be stricken from the record is made absolute.