## Hanna v. Lynch

*Dan P. Wimer,* for plaintiff.
*Anthony J. Kosciuszko,* for defendants.

PRATT, *J.,* July 11, 1991—The plaintiff herein filed a mechanics' lien against the property of the defendants on March 7, 1990. After 12 days, Anthony Kosciuszko, counsel for the defendants, signed an acceptance of service, which was not filed by the plaintiff until September 21, 1990. Among the preliminary objections now raised by the defendants challenging the validity of the mechanics' lien is the tardiness of the affidavit of service of notice. Other challenges raised by the defendants have no bearing upon our holding and hence, are given no consideration in this opinion.

Under 49 P.S. §1502(a)(2), an affidavit of service of notice of an acceptance of service is to be filed within 20 days after service and is to set forth the "date and manner of service." "Failure to serve

such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient grounds for striking off the claim." 49 P.S. §1502(a)(2).

Here no affidavit of service was filed, and the acceptance of service was not filed until over six months after service was effectuated. Where an acceptance of service was filed four months after the mechanics' lien, and three and a half months after the effectuation of service, the Court of Common Pleas of Philadelphia County, operating under substantially identical statutory language, asseverated as follows:

"The language of the provision is clearly mandatory and if the claimant fails to serve the notice and file the required affidavit, within one month after the filing of the claim, it is ground for striking off the claim. A compliance with the provision is a prerequisite to the validity of the lien, and the failure to observe it invalidates the lien. The purpose of the provision is apparent. It is to protect the owner by furnishing him an opportunity while the facts are accessible to ascertain if the claim is correct, if the labor and materials were furnished as set forth in the lien, and if the claim has been properly and legally entered so as to bind his real estate." *Day & Zimmerman Inc. v. Blocked Iron Corp. of America,* 15 D.&C. 251, 253 (1958).

In that case four months elapsed from the time of the filing of the lien until the filing of the acceptance of service; here six and one-half months have elapsed from the two filings. The statute as it then was written clearly allowed this period to be no more than one month, just as it now requires the affidavit or acceptance to service to be filed 20 days after the effectuation of service. As mechanics' liens arise not from common law but from statute, the

enabling legislation "must be strictly construed. If a party desires to avail himself of it, he must comply strictly with the provisions of the statute conferring the right." *Id.* at 254.

The plaintiff argues that those time restrictions are meant to apply to an affidavit of service, and not to an acceptance of service. We note the two forms of service verification are mentioned in the same vein with no such distinction in the statute, "An affidavit of service, or the acceptance of service, shall be filed within 20 days after service setting forth the date and manner of service." 49 P.S. §1502(a)(2). As Judge Water said when confronted with this identical argument in *Day:*

"We regarded this amendment as clear to the effect that it provided alternative methods of service of notice of the filing of a mechanics' lien. However, it did not relieve a claimant of the duty to 'file an affidavit . . .' where the service was effected by means of acceptance of service." *Day, supra.* at 256.

We so hold "[a]lthough no third parties rights were affected by the failure to file the required affidavit," because "we are of the opinion that the lien was not properly perfected and that such defect was not curable." *Id.*

Obviously we place heavy reliance upon Judge Waters' opinion in the *Day* case, but we do not feel this reliance to be misplaced. We feel secure in this belief because our Pennsylvania Supreme Court relied upon it no less when the *Day* case came up before it on appeal. The Supreme Court's entire opinion was simply:

"The order of the lower court striking off plaintiff's lien is affirmed *on the opinion* of Judge Waters which is reported in 15 D.&C.2d 251." *Day &*

*Zimmerman Inc. v. Blocked Iron Corp. of America,* 394 Pa. 386, 147 A.2d 332 (1959). (emphasis added)

Furthermore, other cases have been likewise decided upon similar facts. *Kauffman v. Chapelski,* 33 D.&C.2d 16 (1964), *Shoemaker v. Zerby,* 10 D.&C. 227 (1958). *Scoppitti v. Scarborough,* 41 Delaware Leg. J. 116 (1954). *Gumble v. Snyder,* 16 Monroe L.R. 7 (1954). *Kneely v. Horwarth,* 208 Pa. 487, 57 A. 957 (1904).

Wherefore we enter the order of court attached herewith.

## ORDER OF COURT

For the reasons stated hereafter in this court's opinion, the defendants' rule to show cause why the mechanics' lien filed by the plaintiff in the captioned case should not be stricken from the record is made absolute and said lien is stricken and all proceedings thereunder are quashed.