# Vulcanite Portland Cement Company, Appellant, *v.* Allison.

*Constitutional law—Special legislation—Mechanic's lien—Attachment against owner—Act of June 4, 1901, P. L. 431, sec. 28.*

Section 28 of the mechanic's lien Act of June 4, 1901, P. L. 431, which gives to a subcontractor or material man a right to issue an attachment execution against the owner, or other party indebted to the contractor for labor or materials furnished, is special legislation in favor of a special class of creditors, and offends against article III, sec. 7 of the constitution which forbids the general assembly from passing any local or special law "providing or changing methods for the collection of debts, or the enforcing of judgments."

Argued Jan. 14, 1908. Appeal, No. 256, Jan. T., 1907, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1907, No. 673, making absolute rule to dissolve attachment execution in case of the Vulcanite Portland Cement Company v. John W. Allison Company, defendant, and William R. Dougherty, garnishee. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Rule to dissolve attachment execution.

From the record it appeared that prior to June 1, 1906, William R. Dougherty had a contract with the owner of No. 919 Walnut street for the erection and construction of a building thereon; and John W. Allison company had a contract with Dougherty to furnish labor and materials towards said structure. From December 18, 1906, to February 7, 1907, plaintiff furnished cement to the John W. Allison company, which was used in the construction of the building. Plaintiff received some payments on account of said cement, but on June 1, 1907, the John W. Allison company owed plaintiff a balance of $1,511.35, and to recover this amount plaintiff on that day issued a writ of summons under section 28 of the Act of June 4, 1901, P. L. 431, and summoned as garnishee William R. Dougherty, who had in his hands moneys due the John W. Allison company under his said contract to furnish labor and materials towards the construction of said building. There-

upon the John W. Allison company petitioned for a rule to show cause why plaintiff's attachment should not be dissolved, averring the unconstitutionalty of section 28, which rule the court allowed, and on June 17, 1907, made absolute; whereupon plaintiff appealed.

*Error assigned* was the order of the court.

*M. Hampton Todd,* for appellant.—Section 28 of the act of 1901 is constitutional : Seeds v. Eastwick, 23 Montgomery County Law Repr. 90 ; Nacey v. Kates, 10 Del. Co. Repr. 83 ; Hoffa's App., 1 Pa. Superior Ct. 357 ; Com. v. Fisher, 213 Pa. 48 ; Seabolt v. Commissioners, 187 Pa. 318 ; Bates v. Santa Barbara County, 90 Cal. 543 (27 Pac. Repr. 438).

*Walter Biddle Saul,* with him *E. O. Michener,* for appellee. —The section of the act under discussion applies only to a certain class of persons, to wit: those who have furnished labor or material in the erection of buildings, and is, therefore, special legislation : Com. v. Fisher, 213 Pa. 48 ; Com. v. Gilligan, 195 Pa. 504 ; Strine v. Foltz, 113 Pa. 349 ; Com v. Zacharias, 181 Pa. 126 ; Safe Dep. & Trust Co. v. Fricke, 152 Pa. 231 ; Ayars' App., 122 Pa. 266 ; Tennessee Producers' Marble Co. v. Grant, 14 Pa. Dist. Rep. 453.

Opinion by Mr. Justice Elkin, March 16, 1908 :

Suit was brought in this case by attachment and summons under section 28 of the mechanic's lien Act of June 4, 1901, P. L. 431. The single question presented for determination by this court is whether this section offends against article 3, section 7 of the constitution, which provides, among many other things, that the general assembly shall not pass any local or special law "providing or changing methods for the collection of debts, or the enforcing of judgments." The language of the section is as follows : "In any suit brought to recover for labor done, or labor or materials furnished, to a structure or other improvement, whether the contract shall have been recorded or not, the plaintiff, if he files of record at the time of beginning the suit an affidavit setting forth the facts, may summons also therein the owner, or any other party, indebted

to the defendant for labor done, or labor or materials furnished to such structure or other improvement ; the effect of service of such writ, upon such third party, shall be to attach the moneys then or thereafter becoming due such defendant. If the defendant, at any time before verdict or judgment shall file an affidavit that he does not owe plaintiff anything by reason of labor done, or labor or materials furnished, to such structure or other improvement, the summons against the garnishee shall be quashed by the court, upon motion, unless within fifteen days after notice and service of a copy of such affidavit the plaintiff enter approved security in double the amount of his claim, conditioned that he will prosecute his suit with effect, or will pay all costs, damages and reasonable fees paid or suffered by the defendant, in case of his failure so to do." It must be conceded that the right to summon the owner or other party indebted by a writ in the nature of an attachment at the commencement of a suit authorized by this section, where no such proceeding had been authorized prior to the approval of the act of 1901, does provide a new method for the collection of a debt, and if this new method applies to a special class it is within the prohibition of the constitution. The constitution is a barrier against the enactment of local or special laws relating to the prohibited subjects. There is a clear line of distinction between local and special laws ; the former relate to locality and have to do with territorial limitations, as for instance, if the act be limited in its operation to a particular county, or township, or borough, or district, and does not apply generally to the whole state, it is local ; while the latter relate to persons or subjects, or subject-matter, of a particular class or kind and are therefore special. A statute may be both local and special, and it is so when it is intended to apply only to a particular locality and to deal with a special class. A special law may have general application throughout the commonwealth upon the subjects intended to be affected by its operation. Section 28, under which the writ of attachment was issued in the present case, does not come under the ban of prohibited local legislation, but it is a special law, because it only applies to a particular class of creditors ; that is, those who supply labor or materials used in the construction of a building. That it is a special remedy for a particular class of cred-

itors seems to be conceded, but it is contended that this does not make it special in the constitutional sense. The principal argument made in support of this position is that all mechanics' lien laws relate to a special class of creditors, and it is argued if section 28 is held to be unconstitutional because it is a special law, all acts relating to mechanics' liens passed since the adoption of the new constitution must be declared invalid for the same reason. The argument is plausible and forceful, but not convincing. This is not the test by which the constitution is to be interpreted. It may be, that if the whole system of mechanics' lien laws had been introduced into our statutes in the first instance after the adoption of the new constitution, the courts might have been compelled to hold that such acts came within the prohibited class of special legislation. Indeed, it is difficult to see how this result could have been avoided. We, however, are not confronted with such a question. For more than a century statutes relating to mechanics' liens have been passed by our legislature. The system grew up and became a fixed policy of our law long before there was any constitutional barrier against special legislation. This method of filing a lien and enforcing the collection of the debt thus secured had been provided by law in our state about seventy years before the new constitution was adopted, and it is not conceivable that the framers of our fundamental law intended to disturb the old method of procedure relating thereto. The constitution does not in terms undertake to do any such thing, and certainly no such implication can arise from any reasonable interpretation thereof. A fair construction of the constitution leads to the conclusion that the intention of its framers was not to prohibit legislation relating to old methods for the collection of debts or the enforcing of judgments recognized and in general use at the time of its adoption, but to prevent the enactment of local and special laws providing new methods or changing old ones and applicable only to particular localities or to special classes. The language of the constitution is that no local or special law shall be passed " providing or changing methods for the collection of debts or the enforcing of judgments." This can only mean that the local or special legislation prohibited is such as provides new methods, not then in existence, or changes

old methods, then existing, for these purposes. The mechanics' lien laws proper do not fall within this prohibition because they do not provide a new method for the collection of a debt or the enforcing of a judgment. The procedure under these statutes is an old method. It is a proceeding in rem, well understood and of general application at the time of the adoption of the constitution. These laws were founded upon the theory that those who furnished labor and materials in the construction of a building should have the right to file a lien against it, that is, against the structure itself into which their labor and materials entered, in preference to other general creditors, who had not directly contributed to the construction of that particular building. In such a proceeding the building could be taken even if the owner had not contracted the debt. The act of 1901 provided a new remedy, a departure from the settled policy of the law relating to this subject, and gave the right to pursue the owner or other person indebted in a personal action, that is, by attachment. This new method would seem to be foreign to the whole system of mechanics' lien laws, and heretofore was no part of it. It is in the nature of an action in personam, while the old method was a proceeding in rem. Mechanics' lien laws proper, intended only to give the right of lien against the building itself and the ground upon which it was erected, as a security for the debt, do not contemplate anything in the nature of a personal action.

It must now be determined whether sec. 28 is a special law within the meaning of the constitution. Prior to the act of 1901 the appellant could only be considered one of the general creditors of its debtor. There was no contractual relation between the owner of the land, or the contractor under the owner and the appellant. It could only pursue a method for the collection of its debt like any other general creditor. The section under which this suit was instituted gives a preference by authorizing moneys due the debtor by the contractor to be attached in the hands of the latter, and thus a special class of preferred creditors is singled out from the general creditors of the debtor, and a new method is thus provided for the collection of a debt due this special class. It is a right of attachment for moneys due the debtor in the hands of a third party which, before the act of 1901, was applicable to the payment

of the general creditors without preference. This is certainly legislation for a special class of creditors, and there is no sufficient reason given why the constitutional inhibition should not apply. Special laws may be, in some instances, justified by classification, but this can only be done on the ground of imperative necessity growing out of peculiar conditions. As was said by Mr. Justice STERRETT in Ayars' Appeal, 122 Pa. 266: "To justify classification, there must be a necessity springing from manifest peculiarities, clearly distinguishing those of one class from each of the other classes, and imperatively demanding legislation for each class separately that would be useless and detrimental to others." There are no manifest peculiarities in the class of creditors mentioned in sec. 28 to create a necessity which imperatively demands legislation for that particular class. As an illustration of the preference given to the special class of creditors to which sec. 28 applies, let us assume that appellant company furnished 100 barrels of cement to the defendant, which were used in the building constructed by the garnishee as contractor, and that a rival cement company furnished the same amount of cement to the defendant, intended to be used in the construction of the building, but in fact not so used, and which remained the personal property of the defendant at the time of the institution of this proceeding. In such a case the appellant company, under the provisions of sec. 28, could become a preferred creditor by attaching the fund due from the owner or contractor, while the rival cement company could only be a general creditor of the debtor, in this instance a subcontractor. In personal actions of this character there is no imperative necessity which would justify the singling out of a special class of creditors from the general creditors of a debtor. The liens of mechanics and material men against the building into which their labor and materials entered are protected by the settled policy of our law for more than a century, but there is no necessity, imperative or otherwise, for extending the system so as to prefer this class of creditors in personal actions.

Judgment affirmed.