# Gerli *v.* Perfect Silk Throwing Co., Appellant.

*Bailment—Lien for work done on material—Giving up possession—Throwing silk—Act of May 23, 1907, P. L. 228, and May 20, 1913, P. L. 271—Constitutional law—Special legislation.*

A corporation engaged in the business of throwing silk into yarn or other goods, is not entitled to a lien upon the silk of another person that comes into its possession for the purpose of being thrown into yarn or other goods, for an amount due from the owner of such silk for work and labor performed on other silk of the same owner, if it appears that the company had voluntarily parted with the possession of the other silk, before it received the later consignment.

The Acts of May 23, 1907, P. L. 228, entitled "An act concerning liens of manufacturers and throwers of cotton, woolen and silk goods" as amended by the Act of May 20, 1913, P. L. 271, is unconstitutional as special or class legislation, in so far as it attempts to give a lien on goods placed in the hands of manufacturers for work done upon other goods in the past, the possession of which had been delivered.

Argued Oct. 23, 1917. Appeal, No. 299, Oct. T.; 1917, by defendant, from judgment of C. P. Northumberland Co., May T., 1916, No. 183, on verdict for plaintiff in case of Paul Gerli & Company, Inc., v. Perfect Silk Throwing Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Replevin for three bails of silk. Before MOSER, J.
The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $401.24. Defendant appealed.

*Error assigned* was the charge of the court quoting it.

*J. Mal Gillespie,* for appellant.

No printed brief for appellee.

OPINION BY PORTER, J., July 10, 1918:

The plaintiff company is a dealer in raw silk and the defendants are throwsters of that commodity. The plaintiff delivered to the defendant six bales of raw silk to be thrown, three bales of which were thrown by the defendant and shipped to the party designated by the plaintiff, but the defendant refused to throw the other three bales of silk or to deliver them to the plaintiff upon demand. The plaintiff brought this action of replevin for the three bales of silk remaining in the possession of the defendant and the sheriff executed the writ by delivering the property to the plaintiff. The answer of the defendant averred that they had a special property in the goods by virtue of a lien given upon the same by law. The learned judge of the court below held that the defendant was entitled to a lien upon the goods taken under the writ by the plaintiff for the value of the work and labor performed and materials furnished in throwing the three bales of silk which were a part of the same lot, upon the ground that the transaction involved all the six bales and that the lien for the work done upon the entire lot attached to the goods which remained in the hands of the defendant. The defendant recovered a verdict and judgment in the court below for the amount of its claim for throwing the three bales of silk which were a part of the same lot. The defendant contended at the trial in the court below that it was entitled to assert a lien upon these goods for the balance alleged to be due from the plaintiff for throwing other bales of silk of the plaintiff, which work had been done and the

goods redelivered to the plaintiff prior to the transaction out of which this litigation arose. The learned judge of the court below held that the defendant was not entitled to a lien upon these goods for the balance due for throwing other bales of silk, embraced in distinct transactions, which had been redelivered by the defendant to the plaintiff prior to the transaction here involved. The defendant was thus permitted to recover for all the work which had been done upon the lot of goods of which the three bales in question were a part, but it was not permitted to recover an alleged balance due upon former transactions. The defendant appeals and assigns this ruling for error.

The plaintiff is not here complaining and the only question involved is thus stated by the defendant, the appellant: "Is a corporation engaged in the business of throwing silk into yarn or other goods entitled to a lien upon the silk of another that comes into its possession for the purpose of being thrown into yarn or other goods, for the amount of an account due from the owner of such silk by reason of the work and labor performed on other silk of the same owner, such other silk being out of possession?" It is proper that this statement of the question involved should be qualified by the explanation that the defendant had parted with the possession of the other silk before obtaining possession of the bales involved in this transaction. The learned counsel for appellant admits that the lien given by the common law to a tradesman or manufacturer for the value of the work done by him upon the goods of another is at an end when he voluntarily surrenders the possession of the goods to the owner. He who does the work is entitled to retain possession until his charges are paid, in the absence of any contract to the contrary. When he voluntarily surrenders the goods to the owner his right to a lien is at an end. He cannot subsequently assert a lien for charges growing out of past transactions upon other goods of the owner which came into his hands,

These principles are so well recognized that to cite authorities in support of them would be an affectation of learning. The contention of the appellant finds no support in the common law, nor in any legislation prior to the Act of May 23, 1907, P. L. 228, entitled "An act concerning liens of manufacturers and throwsters of cotton, woolen, and silk goods," the material parts of which statute, as amended by the Act of May 20, 1913, P. L. 271, read as follows: "All persons or corporations engaged in the business of manufacturing spinning, or throwing cotton, wool, or silk into yarn or other goods, ......shall be entitled to a lien upon the goods and property of others that may come into their possession for the purpose of being so manufactured, spun, or thrown into yarn or other goods, for the amount of any account that may be due them, or any note or notes taken on account of such account, from the owners of such cotton, wool, or silk, by reason of any work and labor performed, and materials furnished, in or about the manufacturing, spinning, dyeing, or throwing of the same or other goods of such owner or owners." The second section of this statute provides that the goods may be sold for this lien under execution upon any judgment recovered. Upon this legislation the appellant seeks to found a right to a lien for a balance due upon past transactions between the parties.

There can be no doubt that this legislation was intended to give to "manufacturers and throwsters of cotton, wool, and silk goods," a lien upon the property of their customers which may come into their hands to be manufactured, not only for the work done upon those particular goods but also for any balance due from the owner for work done upon other goods, embraced in distinct transactions in the distant past. It is equally clear that it was not the intention by this legislation to give this same right of lien and peculiar remedy for the collection of debts to other manufacturers and tradesmen. The legislation gives to a special limited class a

right of lien and a peculiar remedy for the collection of debts which it does not give to other citizens and corporations. If the right of lien attempted to be given had been limited to the charges for the work done upon the property made subject to the lien, it would have involved no departure from the preëxisting law, but this legislation attempts to give a lien to a peculiar class of creditors for work done upon goods other than those against which the lien is given. That this is a special law there can be no question. That it offends against Art. III, Sec. 7, of the Constitution, which forbids the general assembly to pass any local or special law: "authorizing the creation, extension or impairing of liens:......or providing or changing methods for the collection of debts, or enforcing of judgments," is free from doubt. The discussion of these constitutional provisions in the cases which grew out of certain features of the Act of June 4, 1901, P. L. 431, relating to mechanics' liens, and its supplements, is here peculiarly applicable, and this case is ruled by Vulcanite Portland Cement Company v. Allison, 220 Pa. 382; Vulcanite Paving Company v. Philadelphia Rapid Transit Company, 220 Pa. 603; Taylor Lumber Co. v. Carnegie Institute, 225 Pa. 486; Sumption v. Rogers, 53 Pa. Superior Ct. 109; Malone v. Hosfeld, 53 Pa. Superior Ct. 134. It is not necessary that we should attempt to add anything to what was said in the opinions in those cases. These statutes, in so far as they attempted to give a lien to this particular class of creditors for work done upon goods other than those upon which the lien was given are invalid.

The judgment is affirmed.