## Schmidt v. Schmidt et al.

*Attachment of wages for board—Acts of May 8, 1876, April 10, 1905, and May 1, 1913—Special legislation—Constitution, art. iii, sect. 7.*

The Acts of May 8, 1876, P. L. 139, April 10, 1905, P. L. 134, and May 1, 1913, P. L. 132, authorizing the attachment of wages of persons indebted for boarding, are in conflict with article iii, section 7, of the Constitution, in that they change the method for the collection of a special kind of debts for the benefit of a special class.

*Certiorari.* C. P. Lackawanna Co., Jan. T., 1923, No. 899.

*G. W. Ellis,* for plaintiff; *Knapp, O'Malley, Hill & Harris,* for defendants.

EDWARDS, P. J., Feb. 13, 1923.—The summons in this case went forth against the defendant, Fred Schmidt, and on Nov. 20, 1922, the alderman

Schmidt *v.* Schmidt et al.

entered judgment against the defendant for $85 for board and lodgings furnished to the defendant, his wife and child, for four weeks, at the defendant's special instance and request.

Later, to wit, on Dec. 13, 1922, an attachment execution issued against the Erie Railroad Company, garnishee, and interrogatories and a rule were served with the attachment execution on W. E. Esheman, master mechanic of the railroad company, the defendant, Schmidt, being returned not found. On Dec. 20, 1922, the return-day of the rule, the garnishee made answer, stating that at the time of the service of the attachment it had in hand $41.36 belonging to the defendant as wages for services rendered.

Passing by the exception relating to the defective service of the attachment on the garnishee, I find that there is a much more fundamental question involved, viz., the constitutionality of certain acts of assembly, three in number: The Act of May 8, 1876, P. L. 139; the Act of April 10, 1905, P. L. 134, and the Act of May 1, 1913, P. L. 132. These acts are all of the same character. They provide that boarding-house keepers, etc., are authorized to attach wages of persons indebted for boarding, and that service of notice of the attachment shall be made upon persons, firms, associations and corporations.

It has been held in many courts that these acts of assembly violate art. III, § 7, of the Constitution, which reads thus: "The general assembly shall not pass any local or special law . . . regulating the practice or jurisdiction of, or changing the rules of evidence in, any judicial proceeding or inquiry before courts, aldermen, justices of the peace, . . . or providing or changing the methods for the collection of debts or the enforcing of judgments."

The foregoing acts of assembly were passed for the exclusive benefit of a special class of persons, and are, therefore, special laws. They also regulate the practice and confer a new jurisdiction upon justices of the peace, and they change the method for the collection of a special kind of debts for the benefit of a special class. However laudable the purpose behind this legislation, the acts are clearly unconstitutional, and are, therefore, void.

As stated, the question has been decided by several of our county courts. We may refer to the following cases: Antreason *v.* Samarsien, 18 Dist. R. 335; Jenkins *v.* Davis, 18 Dist. R. 928, and Pennsylvania Co. *v.* Carr, 43 Pa. C. C. Reps. 282. The same point has been partly touched upon by Judge Newcomb in the case of Sheffield *v.* Goldstram, 15 Lacka. Jurist, 290.

As stated by counsel for the garnishee, the exact question in the form it is now before us has not been passed upon by our appellate courts; but the principle involved has been decided more than once. In the case of Vulcanite Cement Co. *v.* Allison, 220 Pa. 382, it is decided as follows: "Section 28 of the Mechanics' Lien Act of June 4, 1901, P. L. 431, which gives to a sub-contractor or materialman a right to issue an attachment execution against the owner or other party indebted to the contractor for labor or materials furnished, is special legislation in favor of a special class of creditors, and offends against art. III, § 7, of the Constitution, which forbids the general assembly from passing any local or special law 'providing or changing methods for the collection of debts or the enforcing of judgments.' "

To the same effect is the case of Taylor Lumber Co. *v.* Carnegie Institute, 225 Pa. 486. These cases are conclusive on one of the points raised in the case at bar.

Now, Feb. 13, 1923, the judgment against the defendant is allowed to stand, but the proceedings in the attachment execution against the garnishee are reversed.                                   From William A. Wilcox, Scranton. Pa.