## CARBON SILK MILLS CO. v. POWELL et al.

### No. 7061.

Circuit Court of Appeals, Third Circuit.

Dec. 18, 1939.

William H. Gerlach, of Hazleton, Pa., for appellant.

Murray Forst Thompson and William E. Mikell, Jr., both of Philadelphia, Pa. (Saul, Ewing, Remick & Saul, of Philadelphia, Pa., of counsel), for appellees.

Before BIDDLE, JONES, and BUFFINGTON, Circuit Judges.

BIDDLE, Circuit Judge.

Vertex Hosiery Mills, Inc., for several years had been delivering silk to Carbon Silk Mill Company for "throwing". No written contract existed between them with respect to payment, but the testimony showed that, for the last five years at least, Carbon received periodic payments, according to its requirements, for the services it performed. Payment was not a prerequisite to but was made after delivery. In 1938, after Vertex had been adjudged a bankrupt, Carbon claimed a lien to the extent of $10,-634.83 on the silk in its possession, of which $5,791.75 represented throwing charges on that silk, and the balance charges on silk already delivered to Vertex, which consisted of parts of lots of which the other parts remained in Carbon's possession. A special Master found that no lien existed and directed Carbon to turn over the silk to the trustees in bankruptcy. The District Court for the Eastern District of Pennsylvania, on exceptions, confirmed the Master, and this appeal followed.

██ If any lien existed it was under the admitted facts a lien for charges on both the delivered and the undelivered silk. Gerli v. Perfect Silk Throwing Co., 70 Pa. Super. 299. This is not disputed. The question is narrow. Was the common law lien arising when silk was first delivered to Carbon waived by the course of dealing? The court below found that it had been waived on the authority of our decision in Berlet v. Lehigh Valley Silk Mills, 3 Cir., 287 F. 769. There the facts were hardly different. Payment was to be made between the 10th and 15th of each month, indicating a little more precisely a credit agreement. But that is not enough to tip the scales. For the question is not whether a lien must be considered to have been abandoned where there is a running account; but whether delivery on credit is evidence from which the waiver may be found. The Berlet case answers that proposition in the affirmative, and we see no reason not to follow it. In the Berlet case the receiver conceded a lien for services on the silk actually in the throwster's possession, but that question was not before the District Court or before us. The case is not, therefore, authority for allowing a lien even to that extent under such a credit arrangement.

No Pennsylvania cases are helpful. Hamill v. Firth & Foster Bros., 175 Pa. 46, 47, 48, 34 A. 211, relied on by appellant, is a per curiam opinion affirming a judgment on exceptions to a charge of the trial judge, who did not write any opinion. The court left to the jury the question of whether giving credit had waived the lien, charging that the defendants did not lose their lien by "habitually allowing" the debtor to take away the goods, where new goods were coming in to take their place. This language is

not consistent with our decision, but there is nothing to show that the Supreme Court considered or approved it. Moreover work on the goods was under a provision printed in the orders: "All goods received only upon condition that they are subject to a general lien, not only for the dyeing and furnishing thereof, but also for the balance of any former account due."

Other than the Berlet case the only authority we have found is an early English decision. In Crawshay v. Homfray, 4 B. & Ald. 50, 106 Eng.Reprint 856, the King's Bench held that a wharfinger was not entitled to a lien for iron stored with him by a merchant who paid his bill after Christmas each year, in accordance with the usage of the trade. See also Fisher v. Smith, 1878, 4 App.Cas. 6.

The judgment is affirmed.