## General Aviation Equipment Co., Inc., v. Fred C. Good & Son, Inc.

*Martin P. Snyder*, for plaintiff.

*John P. Boland*, for defendant.

WINNET, J., October 2, 1942.—Defendant has filed a counterclaim to a replevin suit brought by plaintiff. It can be sustained only if it shows a right of possession in the articles being replevied. Nothing can be tried in an action of replevin but the right of possession of the property in controversy: Nicolette Lumber Co. v. People's Coal Co., 213 Pa. 379. Defendant claims a right of possession by asserting a common-law lien in the property.

Plaintiff holds a contract from the Air Corps of the United States War Department for the manufacture of camera mount assemblies. It subcontracted with defendant to prepare castings which are an integral part of these assemblies. It delivered these castings to defendant. Finding that the work was not being done properly, it demanded the return of the castings which defendant still had on hand, and upon the refusal of defendant to turn them back brought an action of replevin.

Defendant in the affidavit of defense denies that it did not perform in accordance with the contract and in a counterclaim asserts a lien on these castings, saying that in order to process and machine the castings it was required to design and make eight tools at a cost of $450. The counterclaim further avers that these tools are of no value to defendant and as a result of the expenditure of this money asserts a lien on the castings. Plaintiff has filed a reply raising questions of law to this counterclaim.

A lien can arise only in one of three ways: by agreement of the parties, by statute, or by common law: Mitchell et al. v. Standard Repair Co., 275 Pa. 328. If defendant's claim is to be sustained, it must be that the lien has arisen by common law since neither the agreement of the parties nor any statute gave rise to it.

At common law the lien arises in favor of a person performing work on property delivered to the person for that purpose: Gerli v. Perfect Silk Throwing Co., 70 Pa. Superior Ct. 299. Defendant's counterclaim does not allege that it performed work on the castings which are the subject of the replevin. The work was in the preparations it had to make in order to proceed with its contract on the castings. This does not entitle it to a lien.

No useful purpose can be served by extending the common-law lien to cover a case of this sort. If there. has been a breach of contract, defendant can in a proper suit assert such breach and ask for the damages he has sustained. No obstacles, however, must be placed on the right of an individual to get back articles which he has delivered for the purpose of processing as long as no work has actually been done on them. These days particularly, when we are interested in production, it would be against public policy to allow such a lien. Plaintiff is under contract with the Air Corps of the United States War Department for delivery of necessary war equipment. It is dissatisfied with defendant's performance of the contract. It asks that the articles be redelivered so that they can be given to another manufacturer in order that they may be finished for the war contract. Without determining whether defendant has a right of action for a breach of contract, the redelivery of the merchandise to plaintiff should be expedited. To allow a lien under such circumstances, even though a plaintiff may get possession

by filing a bond, would tend to create a legal "bottle-neck."

Plaintiff's reply raising questions of law to defendant's counterclaim is sustained.