Samango et al., Appellants, *v.* Hobbs, et al.

Argued March 24, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH and ARNOLD, JJ. (ROSS, J., absent).

400

*Louis Wagner*, with him *Stephen J. McEwen*, for appellants.

*George H. Class*, with him *Lindenmuth & Class* and *Sacks & Piwosky*, for appellees.

OPINION BY DITHRICH, J., July 20, 1950:

The mechanic's lien in this case is fatally defective for the reason that notice of the filing of the claim was not served upon the owner; and the judgment entered thereon is invalid for the further reason that the required affidavit was not filed with the præcipe for the writ.

Section 21 of the Act of June 4, 1901, P. L. 431, as amended by section 1 of the Act of April 5, 1917, P. L. 42, 49 PS §131, provides, in part: "Within one month after the filing of the claim, the claimant shall serve a notice upon the owner of the fact of the filing of the claim, . . . and shall file of record in said proceedings an affidavit setting forth the fact and manner of such service. Service of the notice may be accepted by the owner's attorney; . . ."

Section 1 of the Act of May 22, 1933, P. L. 845, 49 PS §162, provides that: "From and after the passage of this act, in all actions of scire facias sur mechanics liens, there shall be filed by plaintiff, with the præcipe for such writ, an affidavit, which affidavit shall set forth only (a) the name of the parties plaintiff and defendant, (b) the amount claimed to be due, (c) the name or names of the real owners of the property against which such mechanics lien is filed, (d) a specific reference to the mechanics lien upon which such writ of scire facias is based, which mechanics lien shall, by such reference, be deemed to be a part of such affidavit. The

affidavit of service of notice of having filed such mechanics lien shall be deemed to be a part of the record of such mechanics lien."

Plaintiffs acknowledge the aforesaid defects in the record in this case but take the position that the lien and the judgment thereon are not open to attack by exceptions to the sheriff's sale, etc. True it is that defendants did not move to strike off the claim, as they could have done under section 21 of the Act of 1901, or to quash the writ, as provided by section 5 of the Act of 1933. But whether or not the lien and the judgment are open to attack by exceptions to the sheriff's sale, etc., is beside the point here, for defendants followed up the filing of the exceptions by obtaining a rule to show cause why the lien and the judgment should not be stricken from the record. After argument before the court en banc the rule was made absolute, and in addition thereto plaintiffs' motion to quash the exceptions was refused and the exceptions were sustained. We are primarily concerned, however, with the order making absolute the rule to strike off the lien and the judgment.

As we understand plaintiffs' position, it is that the most defendants would be entitled to would be a rule to open the judgment, in which case they would be required to show a meritorious defense before the judgment could be opened. But as was stated in *Johnson v. Royal Insurance Co. of Liverpool,* 218 Pa. 423, 425, 67 A. 749, "It is well settled, and it needs no citation of authorities to sustain the proposition, that a judgment can be set aside or struck off . . . on the ground of irregularity or invalidity appearing on the face of the record"; and it "is not confined to any particular kind of judgments, nor limited as to the time it may be taken advantage of . . .": *Kingsdorf v. Frank Gamburg, Inc.,* 147 Pa. Superior Ct. 84, 94, 24 A. 2d 140. While, there is no time limit within which a motion must be

made to strike off a void judgment, which may be stricken off at any time (*Romberger, to use, v. Romberger,* 290 Pa. 454, 139 A. 159; *Polis v. Russell,* 161 Pa. Superior Ct. 456, 55 A. 2d 558), "We have held in a proceeding to strike off a judgment that where the defects complained of are irregularities only, not jurisdictional in nature, although they may have been sufficient to cause the judgment to be set aside, if proper diligence had been used, the defendant, having permitted a judgment to stand unquestioned for many (10) years, must be held to have waived the irregularities. Justice v. Meeker, 30 Pa. Superior Ct. 207, 210": *Eastman Kodak Co. v. Osenider,* 127 Pa. Superior Ct. 332, 335, 336, 193 A. 284. In the instant case a determination as to whether the judgment was absolutely void for failure to file the affidavit required under the Act of 1933 is not essential, since the learned court below properly held that there was no waiver and that the defendants were not guilty of laches and therefore that the motion to strike was timely.

We do not agree, however, with the statement of the learned court below that: "The only ground relied upon by the defendants as a reason for striking off the judgment, which we need consider, is the plaintiffs' failure to comply with the requirements of the Act of . . . 1933 . . ." Consideration must first be given to the failure to comply with the provisions of section 21 of the Act of 1901, a failure that entirely invalidated the lien. In *O'Kane v. Murray,* 252 Pa. 60, 97 A. 94, the Supreme Court affirmed a judgment for defendant n. o. v. on the ground that claimant had failed to comply with section 21 of the Act. Although the section provides that failure to serve notice of the filing of the claim "shall be sufficient ground for striking off the claim," the defendant Murray raised the question for the first time in his affidavit of defense. The Court, in an opinion by Mr. Justice MESTREZAT, said (pages 67, 68) : "Section

21, of the Act of 1901, requires the claimant within one month after the filing of the claim to serve a notice upon the owner of the fact of the filing of the same, and to file of record in the proceedings an affidavit, setting forth the fact and manner of such service. This section also provides that a failure to serve the notice and file the affidavit within the specified time shall be sufficient ground for striking off the claim. The notice of the filing of the claim was not given to Murray, but service of the notice was accepted by his attorneys. [This was prior to the amendment of 1917 authorizing acceptance of service by the owner's attorney.] The plaintiff contends that a substantial conformance with this section of the statute is all that is required, and that the section will not be construed to be mandatory unless it would be inequitable to allow the lien to remain. This contention entirely overlooks the well established rules applicable to the interpretation of mechanics' liens. The language of the provision is clearly mandatory . . . A compliance with the provision is a prerequisite to the validity of the lien, and the failure to observe it invalidates the lien. . . . The right to file a mechanic's lien, as has been uniformly held by all the courts, is of statutory origin. No such right existed at common law. It is class legislation and, therefore, must be strictly construed. If a party desires to avail himself of it, he must comply strictly with the provisions of the statute conferring the right." See, also, *Thompson v. Radell,* 42 Pa. Superior Ct. 105.

Our attention has not been called to any appellate court case, nor has our research discovered any such case, raising the question of failure to file the affidavit required by section 1 of the Act of 1933. There are, however, several lower court decisions interpreting the Act. In *Reider, to use, v. Farmers National Bank and Trust Company,* 28 Berks 19, in a well-considered and able opinion by SCHAEFFER, P. J., it is said (page 21) :

"The Act of 1933, supra, which requires the filing of the affidavit with the præcipe for the scire facias and the service of a copy of such affidavit, is mandatory in its terms. There is no provision for a variance in practice; nor does the statute in terms vest any discretion in the court. 'Failure . . . to . . . file . . . affidavit . . . shall be ground for quashing such writ, upon notice.' This leaves no option to the court; the writ, if the affidavit be not filed, must be quashed, after notice to the plaintiff. The requirement for the giving of notice, when complied with, can lead to no other conclusion unless it seems to us, the plaintiff can show that the defendant has in some way waived the provision requiring the filing of the affidavit. No waiver appears here.

"For the sake of uniformity in the law, we may well consider the interpretation of section 21 of the Act of 1901 (49 P.S. 131) . . ." in *O'Kane v. Murray*, supra. See, also, *Chapin Lumber & Supply Co. v. West Lawn Fire Co. No. 1*, 29 Berks 245; *Kempter v. Buckley*, 40 Lack. 117. In each of those cases the motion was to quash the writ, but since the requirement to file the affidavit is, in our opinion, mandatory and the learned court below found that there was no waiver of the requirement and that defendants were not guilty of laches, the motion to strike off the judgment was properly granted.

Order affirmed.