## Arcady Farms Milling Company, Appellant, *v.* Sedler.

Argued March 22, 1951. Before Drew, C. J., Stern, Stearne, Jones, Bell, Ladner and Chidsey, JJ.

W. *Thomas Malcolm,* with him *Parnell, Handler and Malcolm,* for appellant.

*Jesse P. Long,* with him *William E. Pierce,* for appellee.

Opinion by Mr. Justice Allen M. Stearne, May 21, 1951:

The question is whether the *chattel mortgage* is valid under the provisions of the Chattel Mortgage Act of June 1, 1945, P. L. 1358, 21 PS 940.1—940.16.

Appellant instituted an action in trespass against appellee for the conversion of approximately 1400 turkeys upon which appellant alleged that it held a valid chattel mortgage. Appellee filed preliminary objections which were sustained by the court below. Judgment was entered for appellee. The appeal followed.

The facts as averred in the pleadings and quoted by the court below are: "That in March of 1946 plaintiff entered into an agreement with one Howard S. Rose whereby plaintiff was to furnish feed and supplies for turkeys of the said Rose during the year 1946 on a credit basis; that as security for the cost of feed and supplies to be advanced, the said Howard S. Rose and Jennie Rose, his wife, on the 30th day of March, 1946, executed a so-called chattel mortgage in favor of plaintiff for $9000.00, mortgaging 'all of the turkeys (approximately 3000) located on farm owned or occupied by Mortgagors in Section Western, Township of Center, Range of the P. M. in Indiana County, Pennsylvania, hatched or acquired in the year 1946, together with all increases or additions thereto, whether by reproduction, purchase, acquisition, or otherwise, and all eggs produced by said turkeys', providing that 'All sums secured hereby shall become due and payable on or before January 15, 1947', said chattel mortgage being recorded in the Prothonotary's Office of Indiana County on April 1,

1946, (Copy being attached to the complaint and marked Exhibit A) ; that plaintiff supplied to Rose feed to the total value of $8261.36, upon which was paid $2945.64, and on January 24, 1947, bill for the balance was rendered to the said Rose; that sometime during the month of December, 1946, the said Rose transferred approximately 1390 turkeys to Walter Sedler, the defendant, and received therefor $6439.16; that the defendant 'did unlawfully and wrongfully take and carry away the said turkeys and converted the same to his own use'; that the defendant, 'on demand of the plaintiff, has refused to deliver the said goods or the value thereof to the plaintiff . . . but has unlawfully converted the same to his own use, to the damage to the plaintiff . . .' ". Appellant averred that appellee, when ". . . the turkeys were taken away from the farm of . . . Rose, knew or had reason to know of the mortgage existing between said . . . Rose, and [appellant]." Because the judgment for defendant is entered on the pleadings, all averments in the statement of claim must be regarded as true.

The basis for appellant's claim is the wrongful conversion of personal property upon which appellant averred it possessed a lien and of which fact appellee had actual or constructive notice. It, therefore, follows that a *valid* chattel mortgage upon the personal property must have existed in order to sustain appellant's claim.

The Act of 1945, supra, authorizing the creation of a mortgage on personal property (i. e., a chattel mortgage) is in derogation of the common law. While the Statutory Construction Act of May 28, 1937 P. L. 1019 art. IV sec. 58, 46 PS 558, enacts that statutes in derogation of the common law are no longer required to be strictly construed, nevertheless, chattel mortgages have not been favored in this Commonwealth: *Roos v. Fairy Silk Mills*, 334 Pa. 305, 5 A. 2d 569. It was said in *First National Bank of Jamestown v. Sheldon et al.*, 161 Pa. Superior Ct. 265, 268, 54 A. 2d 61: "Prior to the pass-

age of the Chattel Mortgage Act of June 1, 1945, P. L. 1358, 21 PS 940, it had been the settled public policy of the law of this Commonwealth, as manifested by legislative acts and judicial decisions, to frown upon the mortgaging of chattels in Pennsylvania. Roberts' and Pyne's Appeal, 60 Pa. 400; Klaus v. Majestic A. H. Co., 250 Pa. 194, 95 A. 451; Kaufmann & Baer v. Monroe Motor Line, 124 Pa. Superior Ct. 27, 187 A. 296." See also: *Seaboard Consumer Discount Company v. Landau's, Inc.*, 167 Pa. Superior Ct. 180, 74 A. 2d 737.

The Act of 1945 changes a declared public policy and, therefore, must be strictly complied with. This Court has repeatedly declared that where a *remedy or method of procedure* is provided by an act, its provisions shall be strictly pursued and exclusively applied: *Bartron v. Northampton County*, 342 Pa. 163, 168, 19 A. 2d 263; *Thompson v. Morrison, etc.*, 352 Pa. 616, 624, 44 A. 2d 55; *Era Co., Ltd., v. Pittsburgh Consolidation Coal Co.*, 355 Pa. 219, 220, 49 A. 2d 342; *Schwab Adoption Case*, 355 Pa. 534, 50 A. 2d 504; *American Casualty Co. v. Kligerman et al.*, 365 Pa. 168, 173, 74 A. 2d 169, and the cases therein cited. Thus in Workmen's Compensation cases an appeal to the Board from a referee's findings must be taken within *twenty* days in the absence of fraud: *Wise v. Cambridge Springs Borough*, 262 Pa. 139, 104 A. 863; *Powell v. Sonntag*, 159 Pa. Superior Ct. 354, 48 A. 2d 62. A petition for compensation must be filed within *one year* after the accident: *Mackanitz v. Pittsburgh & West Virginia Railway Co.*, 157 Pa. Superior Ct. 359, 43 A. 2d 586. In order to secure a valid mechanics' lien, the lien must be filed within *six months* after completion of the work: *Russell v. Bell*, 44 Pa. 47; *Hamilton v. Means et al.*, 155 Pa. Superior Ct. 245, 38 A. 2d 528. Notice of the lien must be given to the owner of the property within *one* month by a sub-contractor: *Tenth National Bank of Philadelphia v. Smith Construction Company (No. 1)*, 218 Pa. 581, 67 A. 872; *Samango et al.*,

*v. Hobbs et al.,* 167 Pa. Superior Ct. 399, 75 A. 2d 17. The terms of the contract must be set forth as specifically as possible: *Knelly v. Horwath,* 208 Pa. 487, 57 A. 957; *Warren v. Johnston,* 33 Pa. Superior Ct. 617. In order to create a valid will, it must be signed at the end thereof and not elsewhere: *Baldwin Will,* 357 Pa. 432, 55 A. 2d 263. A bequest to a charity is void if the testator dies within *thirty* days of the execution of the will: *Koehler Partition Case,* 360 Pa. 460, 61 A. 2d 870.

Section one of the Chattel Mortgage Act of June 1, 1945, supra, provides: "Any person . . . may give as security for any funds borrowed or to be borrowed or any pre-existing indebtedness, a *bond or note,* with or without a confession of judgment clause, *secured by a chattel mortgage* upon any chattel or chattels of any kind or description, including but not limited to, livestock, poultry. . . ." (Emphasis supplied) These words of the Act prescribe how a chattel mortgage is to be given and what it is to secure. The Legislature by the use of such language grants permission to give, as security for any funds borrowed or to be borrowed, or any pre-existing indebtedness *"a bond or note",* which is to be "secured by a chattel mortgage." Nowhere in the Act is permission given to create a chattel mortgage *upon an unsecured debt.* No bond or note was given as security for any funds borrowed or to be borrowed, or upon any pre-existing indebtedness. The present chattel mortgage, therefore, does not come within the terms of the statute.

Section two of the Act (21 PS 940.2) provides that: "Any mortgage, executed under and pursuant to this act, shall be in writing and signed, *witnessed* and duly acknowledged by the mortgagor. . . ." (Emphasis supplied)

The statute requires the mortgage to be *"witnessed".* This was not done. For this reason alone, the chattel

mortgage does not come within the provisions of the Act.

As the mortgage was not accompanied by a *"bond or note"* and because the signatures of the mortgagors were not *"witnessed"* the provisions of the Act were not complied with and consequently no valid chattel mortgage was created.

The judgment is affirmed.