## Horner & Sons v. Harvey

*Donald B. Waltman* and *Jesse L. Crabbs*, for plaintiffs.

*Lavere C. Senft*, for defendants.

ATKINS, J., June 16, 1959.—On August 28, 1958, plaintiffs filed a mechanic's lien agains each of three separate properties owned by defendants. Subsequently, on October 28, 1958, plaintiffs filed a praecipe for a scire facias on each of these mechanic's liens and filed with each of the three praecipes an affidavit of ownership as required by section 1 of the Act of May 22, 1933, P. L. 845, 49 PS §162. The writs were issued on the praecipe and served by the sheriff upon defendants. The sheriff did not serve a copy of the affidavit of ownership with the writs as required by section 2 of the Act of 1933, supra, 49 PS §163. Defendants in each of those cases filed a motion to quash the writ, alleging as a reason therefor the failure on the part of the sheriff to serve with the writ a copy of the

affidavit of ownership. Prior to the return day of the rule granted on defendants' motion to quash the writs, plaintiffs, apparently recognizing the defective service, filed with the prothonotary in each case a praecipe for an alias scire facias and filed at the same time an affidavit of ownership with the praecipe for the alias writs. The alias writs issued and were served upon defendants by the sheriff along with a copy of the affidavit of ownership. Defendants filed a motion to quash the alias writ in each case and a rule was granted thereon. The three cases were argued together and will be disposed of in this opinion.

Defendants' position, as set forth in counsel's brief, is that the original writs of scire facias were void and were therefore required to be quashed. In this contention defendants rely upon section 5 of the Act of 1933, supra, 49 PS §166, which provides as follows:

"Failure upon the part of plaintiff to file, with the praecipe for writ of scire facias, affidavit provided for in section one hereof shall be ground for quashing such writ, upon notice."

There can seem to be no question that this section of the act means exactly what it says, and has been so construed by the courts. Perhaps, the leading case among the lower courts is Reider, to use v. Farmers National Bank and Trust Company, 28 Berks 19, wherein Judge Schaeffer quashed a writ of scire facias because no affidavit of ownership was filed with the praecipe for the writ. He also concluded that the affidavit could not be filed nunc pro tunc to cure the defect. The only appellate court case which we have found that seems to deal with this subject is Samango v. Hobbs, 167 Pa. Superior Ct. 399, wherein the Superior Court quoted, with approval, from the opinion of Judge Schaeffer in the Reider case, supra, and concluded that the requirement to file the affidavit is mandatory. It will be noted that in both of these cases there was no

affidavit filed in the first instance. Therein the cases differ from the three cases now being considered. It is also worthy of note that section 5 of the Act of 1933 refers only to the failure to file the affidavit with the praecipe for the writ as a ground for quashing the writ. The act is completely silent as to the effect of the failure to serve a copy of the affidavit with the writ. It would therefore seem that the legislature did not intend the same effect to flow from the mere failure to serve a copy of the affidavit as it intended to flow from the failure to file the affidavit in the first instance.

The service of the writ without a copy of the affidavit would not be compliance with the act and would therefore be defective service, but we fail to see how this could void the writ itself. Therefore it seems that we are faced with the situation of a valid writ of scire facias improperly served. The cure for this condition would seem to be the issuing of an alias writ, See 12 Standard Pa. Practice, Mechanics' Liens, §274, p. 180. In this work it is indicated that an alias writ is proper where service of the original has not or cannot be fully made in the county where the writ is issued. Here we have a situation of improper service in that the copy of the affidavit was not served with the writ. Under these circumstances, plaintiffs were proper in causing an alias writ of scire facias to issue. The required affidavit of ownership was filed with the praecipe for the alias writ as it was with the praecipe for the original writ. A copy of the affidavit of ownership was served by the sheriff with the alias writ. We therefore conclude that the alias writ of scire facias was available to plaintiffs under these circumstances, that it was properly issued and that it was properly served.

We enter the following order.

And now, to wit, June 16, 1959, at 9 a. m., it is ordered, adjudged and decreed that the rule granted to plaintiffs, requiring defendants to show cause, if

any they have, why the alias writ of scire facias should not be quashed, be and is hereby discharged, and defendants are permitted a period of 15 days from the date hereof within which to file an affidavit of defense, if they so desire.

Exception is granted to defendants to the action of the court in this regard.