O’BRIEN, J.,
Defendants Gregory Cavallo and Rebecca Pytosh are the owners of Lot 168, Section 5, Birch Brier Estates, Chestnuthill Township, Monroe County, Pennsylvania. Defendants orally contracted with plaintiff, Vinay Homes, to install a septic system for a home under construction on the said lot. Plaintiff contractor commenced work on October 27, 1989 and completed the project on February 13, 1990. Subsequently, defendant homeowners refused to pay plaintiff contractor for both labor and materials and on May 8, 1990, plaintiff contractor filed a notice of intention to file mechanics’ lien claim. On June 8, 1990, plaintiff filed a statement of mechanics’ lien claim and a document entitled certificate of service indicating that on June 8, 1990 copies of the statement of mechanics’ lien claim were mailed to defendant homeowners Rebecca L. Pytosh and Gregory Cavallo, by U.S. mail, first class postage prepaid. Thereafter, on July 3 and 16, 1990, plaintiff contractor filed additional certificates of service indicating copies of the statement of mechanics’ lien claim were mailed to each owner. Finally, on August 1, 1990, a statement was filed by plaintiff contractor indicating the property was posted with a statement of mechanics’ lien claim on July 19, 1990.
A motion to strike the mechanics’ lien claim was filed by defendant homeowners with this court on August 27, 1990, whereupon a rule to show cause why the lien should not be stricken was issued upon plaintiff contractor. Following timely answer by plaintiff contractor, the submission of briefs and oral argument, the matter is now before us for disposition.
*317 Defendant homeowners argue that the mechanics’ lien claim should be stricken because: (1) Plaintiff contractor did not properly perfect the lien pursuant to the Mechanics’ Lien Law, 49 P.S. §1502; (2) Plaintiff contractor failed to comply with section 1503(6) of the Mechanics’ Lien Law in failing to provide a “detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charged for each thereof.” The Mechanics’ Lien Law provides in pertinent part as follows:
“§1502. Filing and notice of filing of claim
“(a) Perfection of Lien. To perfect a lien, every claimant must;
“(1) file a claim with the prothonotary as provided by this act within four months after the completion of his work; and
“(2) serve written notice of such filing upon the owner within one month after filing, giving the court term and number and date of filing of the claim. An affidavit of service of notice, or the acceptance of service, shall be filed within 20 days after service setting forth the date and matter of service. Failure to serve such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim.
“(c) Manner of Service. Service of the notice of filing of claim shall be made by an adult in the same manner as a writ of summons in assumpsit, or if service cannot be so made then by posting upon a conspicuous public part of the improvement.” 49 P.S. §1502.
The filing of a mechanics’ lien is an extraordinary statutory remedy which must be strictly construed. *318 Nicklas Plumbing Supply Co. v. Carlson, 109 Pitts. Leg. J. 458 (1962). It affords a workman the protection of a lien before proceeding to prove his entitlement to payment in an action in assumpsit. Compliance with the statutory provisions is a prerequisite to the validity of the lien and the failure to observe them invalidates the lien. Samango v. Hobbs, 167 Pa. Super. 399, 75 A.2d 17 (1950). A review of the record in the case at bar indicates the plaintiff contractor attempted to serve process by ordinaiy mail after filing a statement of Mechanics’ Lien Claim. Title 49 P.S. §1502(c) mandates service pursuant to Pa.R.C.P. 403 which reads in relevant part:
“Rule 403. Service by mail
“If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail.
“(1) If the mail is returned with notation by the postal authorities that the defendant refused to accept the mail, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by ordinaiy mail with the return address of the sender appearing thereon. Service by ordinary mail is complete if the mail is not returned to the sender within 15 days after mailing.
“(2) If the mail is returned with notation by the postal authorities that it was unclaimed, the plaintiff shall make service by another means pursuant to these rules.”
Plaintiff’s certificates of service assert that only ordinary mail was used in an attempt to serve process on defendant homeowners. However, the rule provides that a right to service by ordinary mail *319 only accrues if service by certified or registered mail is ineffective.
Plaintiff’s failure to comply with the procedure set forth in the Mechanics’ Lien Law renders its attempt at perfecting the lien ineffective. In S.L. Shanaman v. Churgai, 84 Montgomery L. Rep. 24 (1964), the claimant filed an affidavit of service of the notice of filing a mechanics’ lien claim with the prothonotary 22 days after service was made, in non-compliance with the 20-day requirement of 49 P.S. §1502(2). The court held that where the claimant does not strictly adhere to the procedure for perfecting a mechanics’ lien claim, the lien must be stricken as a matter of law. In Day and Zimmerman v. Blocked Iron Corp., 15 D.&C. 2d 251 (1958), it was argued that the court had discretion to refuse to strike a mechanics’ lien. However, the court stated at page 257:
“We were of the opinion that defendant was entitled to have the lien stricken as a matter of law. However, if we had been of the opinion that claimant was correct in its contention, we would have exercised the discretion in its favor. Unfortunately, we consider the court to be without power to exercise any discretion in this matter.”
Plaintiff contractor also failed to comply with the provisions of Pa.R.C.P. 405 which provides in pertinent part:
“(a) When service of original process has been made the sheriff or other person making service shall make a return of service forthwith. . . .
“(c) Proof of service by mail under Rule 403 shall include a return receipt signed by the defendant or, if the defendant has refused to accept mail service and the plaintiff thereafter has served the defendant by ordinary mail,
*320 “(1) the returned letter with the notation that the defendant refused to accept delivery, and
“(2) an affidavit that the letter was mailed by ordinary mail and was not returned within 15 days after mailing.
“(d) A return of service by a person other than the sheriff shall be by affidavit. If a person other than the sheriff makes a return of no service, the affidavit shall set forth with particularity the efforts made to effect service.”
In a mechanics’ lien proceeding, a faulty affidavit of service may not be amended, since under section 1504 only a “claim” may be amended. Hoffman Lumber Co. v. Geesey, 35 D.&C. 2d 200 (1965). Plaintiff contractor cites the holding in Sabo v. Leonard Development Corp., 36 North. 309 (1966) as evincing that the form of the affidavit is subject to reasonable amendment. However, in Sabo the affidavit was notarized and the “form subject to reasonable amendment” included, only the date sworn and the date of service. The holding in Sabo does not go so far as to infer that multiple non-compliance with Pa.R.C.P. 405 may be excused.
Although the deficiencies in plaintiff’s procedures may seem merely technical, the extraordinary nature of the mechanics’ lien remedy mandates strict adherence to the statutory requirements. Our decision to grant the motion to strike does not preclude plaintiff commencing an action in assumpsit to collect its claim.
ORDER
And now, November 29, 1990, the rule to show cause heretofore issued is made absolute and the mechanics’ lien claim of Vinay Homes Inc. against Rebecca L. Pytosh and Gregory Cavallo is stricken.